UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 07-22370-CIV COOKE/BANDSTRA

FLAVA WORKS, INC., *et al.*,

    *Plaintiffs*,

v.

CITY OF MIAMI, FLORIDA, *et al.*,

    *Defendants*.

_____/

**ORDER GRANTING IN PART, AND DENYING IN PART,
DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

**THIS MATTER** is before the Court on Defendants' Motion to Dismiss the Complaint. For the reasons stated below this Motion is denied with respect to all but the third count. The Motion is also denied with respect to the Plaintiff's Petition for Writ of Certiorari. The Motion is granted without prejudice as to Count III, and Plaintiffs will permitted to replead that cause of action.

**I.**    **Background**

This case is about a dispute over the application of the City of Miami's Adult Entertainment Ordinance ("the Ordinance"). Plaintiff, Flava Works, Inc., is a Florida Corporation doing business as CocoDorm.com. Flava Works, Inc. operates an Internet-based website which transmits images, via webcam, of the residents of 503 N.E. 27th Street, Miami, FL ("503 residence"). This residence

1

is owned by Plaintiff Angel Barrios, and leased to Flava Works, Inc.[1] The business model for Flava Works is to sell subscriptions to individuals over the Internet, and then to offer both live and recorded feeds of sexually explicit conduct to these subscribers via the Internet. The persons residing at the 503 residence are independent contractors of Flava Works, and are expected to engage in sexual relations which are captured by the webcams located through the premises and broadcast to subscribers.

On June 12, 2007 the City of Miami posted a notice of violation upon the 503 residence alleging, *inter alia*, that Flava Works was illegally operating a business in a residential zone, and that as an adult entertainment establishment, Flava Works was unlawfully operating in a residential zone. A hearing was held before the City of Miami's Code Enforcement Board ("the Board"). On August 13, 2007 the Board ruled that the Plaintiffs' had operated an adult entertainment establishment in an inappropriate zone and had illegally operated a business in a residential zone, both violations of the City of Miami's zoning code.

Flava Works has asserted several causes of action against the City of Miami ("the City") and the Board: that the permitting procedures for an adult entertainment establishment in the City are violative of the First and Fourteenth Amendments to the U.S. Constitution (Count I); that the City's ordinance regulating adult entertainment establishments does not advance a legitimate governmental interest, as the City has failed to sufficiently assert secondary effects (Count II); that the City's adult entertainment ordinance constitutes a regulatory taking (Count III); that the City's application of the Ordinance is a violation of Flava Works' Equal Protection rights (Count IV); that the Ordinance is

---

[1] Hereinafter Plaintiff Flava Works, Inc. and Plaintiff Angel Barrios are collectively referred to as "Flava Works."

unconstitutionally overbroad (Count V); that the Ordinance is not narrowly tailored to advance the government's policies (Count VI); and that the Ordinance is violative of the Dormant Commence Clause (Count VII). Perhaps most importantly, Flava Works asks this Court to review the determination of the Board.

## II.     Motion to Dismiss Standard

"When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted." *Holtzman v. B/E Aerospace, Inc.*, 2008 WL 214715, *1 (S.D. Fla Jan. 24, 2008) (referring to a Motion to Dismiss filed under Rule 12(b)(6)) (citation omitted). This, however, does not give a plaintiff *carte blanche* to merely aver a formulaic recitation of the elements of a claim supported by conclusory labels. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (citations omitted). The complaint may be dismissed if the facts as plead do not state a claim to relief that is plausible on its face. *See Twombly*, 127 S.Ct. 1955, 1968-69, 1974 (2007) (abrogating the old "unless it appears beyond a doubt that the plaintiff can prove no set of facts " standard and replacing it with a standard requiring "only enough facts to state a claim to relief that is plausible on its face."); *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1037 (11th Cir. 2001) ("Pleadings must be something more than an ingenious academic exercise in the conceivable.") (en banc) (quoting *United States v. Students Challenging Regulatory Ag. Proc.*, 412 U.S. 669, 688 (1973)). More simply, dismissal is appropriate if the plaintiff has not "nudged [its] claims across the line from conceivable to plausible." *Twombly*, 127 S.Ct. at 1974. "A complaint is also subject to dismissal under Rule 12(b)(6) when its allegations – on their face – show that an affirmative defense bars recovery on the claim." *Marsh*, 268 F.3d at 1022.

**III.    Analysis**

  **A.** *Plaintiffs' have standing to challenge the discretionary nature of the Ordinance (Count I)*

Flava Works alleges that the process and procedures to obtain a special permit required to operate an adult entertainment establishment are so vague that they impermissibly grant the administrator discretion to approve or deny special permits arbitrarily. They rely on Eleventh Circuit precedent for the proposition that "an ordinance that gives too much discretion to public officials is invalid." *Lady J. Lingerie, Inc. v. City of Jacksonville*, 176 F.3d 1358, 1361 (11th Cir. 1999).

Defendants' contend that Flava Works lacks standing to bring a challenge to the special exception requirements in the City's zoning code. The heart of the City's argument is that Flava Works has failed to allege an injury-in-fact, in that they never applied for, or were denied, a special permit under the City's zoning code. The Ordinance at issue limits adult entertainment establishments to industrial zones and requires a special permit even within those zones. *See* §§ 400 and 401, MIAMI ZONING CODE. The City contends that Flava Works may not challenge the discretionary criteria of the special permitting process because the 503 residence is located in a residential zone and as such, their application would be denied without discretion.

In order to establish standing, a plaintiff must show that (1) it has suffered an injury-in-fact, to a legally protected interest; (2) a nexus between the injury and the challenged action or law; and (3) the injury is capable of being redressed by the court. *Café Erotica of Fla., Inc. v. St. Johns Cty*, 360 F.3d 1274, 1282 (11th Cir. 2004) (citing to *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)); *Koziara v. City of Casselberry*, 392 F.3d 1302, 1304 (11th Cir. 2004) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000)). In the context

of First Amendment claims, the Supreme Court has "long held that when a licensing statute allegedly vests unbridled discretion in a government official over whether to permit or deny expressive activity, one who is subject to the law may challenge it facially without the necessity of first applying for, and being denied, a license." *City of Lakewood v. Plain Dealer Publ'g Co.*, 486 U.S. 750, 755-56 (1988); *accord Naturist Soc., Inc. v. Fillyaw*, 958 F.2d 1515, 1521 (11th Cir. 1992) (explaining that it is well-established that a plaintiff has standing to challenge a statute on the ground that it delegates overly broad licensing discretion to an administrative office, whether or not his conduct could be proscribed by a properly drawn statute, and whether or not he applied for a license).

In the instant matter, Plaintiffs have alleged that the City, through the Board's decision, has made a determination that the Flava Works business model constitutes an adult entertainment establishment. Based upon the Board's determination Flava Works is now subject to the permitting procedures that it seeks to challenge in this action and, as such, has standing to assert a claim, regardless of whether they have applied for and been denied a permit.[2] Accordingly, the City's Motion to Dismiss Count I for lack of standing is denied.

### B.  *Plaintiffs' have sufficiently alleged the insufficiency of the City's findings with respect to the secondary effects associated with adult entertainment establishments (Count II)*

Flava Works alleges that the Ordinance lacks sufficient evidentiary support of the alleged harmful secondary effects that the City is attempting to curtail through the enactment and enforcement of the law. Flava Works contends that "a municipality [cannot] get away with shoddy

---

[3] Flava Works has not conceded that the Board's determination on this point is correct, rather it has asserted that its business plan does not constitute an adult entertainment establishment, or in the alternative, if it is deemed to be an adult entertainment establishment, the government permitting procedures are unconstitutional.

5

data or reasoning" to satisfy the requirement that it demonstrate a connection between the speech and a substantial, independent government interest. *See City of Los Angeles v. Alameda Books, Inc.*, 535 U.S. 425, 438 (2002) ("The municipality's evidence must fairly support the municipality's rationale for its ordinance."). The City moves to dismiss this Count on the grounds that combatting harmful secondary effects of adult businesses is, as a matter of law, a substantial government interest. *See, e.g., Zibtluda, LLC v. Gwinnett Cty., Ga.*, 411 F.3d 1278, 1285 (11th Cir. 2005) (explaining that if an ordinance is found to be aimed at secondary effects, it can hardly be argued that the ordinance does not serve a substantial governmental purpose). However, Flava Works does not assert that a law directed at combatting the harmful secondary effects of adult businesses is not a substantial government interest, rather it challenges the relevance, reliance, and sufficiency of the secondary effects as alleged by the City in the Ordinance. *See Peek-A-Boo Lounge of Bradenton, Inc. v. Manatee Cty., Fla.*, 337 F.3d 1251, 1269-70 (11th Cir. 2003) (applying a burden shifting analysis whereupon the plaintiff's allegation, the government must produce evidence that it relied on sufficient data and reasoning in arriving at the secondary effects conclusion). Resolving this inquiry is necessarily a factual determination, and as such the City's Motion to Dismiss the Count is denied. *See id.* at 1268-69.

> C. **Plaintiffs' have plead their Takings claim under the incorrect test (Count III)**

The City alleges that the Plaintiffs have relied upon an outmoded test in formulating their Takings Claim. The Plaintiffs have acknowledged as much and have requested that they be permitted to replead this Count. Accordingly, the City's Motion to Dismiss Count III is granted, the Count is dismissed without prejudice, and Plaintiff's are permitted to replead.

> **D.     Plaintiffs' have adequately alleged that the City's application of the Ordinance is a violation of their Equal Protection rights (Count IV)**

The Plaintiffs assert that the Board's decision to apply the Ordinance to their business model violated their fundamental right to free speech. Moreover, Flava Works alleges that the City singled out Flava Works for "selective enforcement, inequitable treatment and purposeful discrimination through the unequal, unjust and oppressive administration of [the City's zoning codes]". Compl. ¶ 111. The City's Motion to Dismiss recognizes that an ordinance which contains suspect classifications or that burdens fundamental rights may implicate equal protection considerations. *See Romer v. Evans*, 517 U.S. 620, 631 (1996) (explaining that the Fourteenth Amendment's promise of equal protection is implicated when the government "targets a suspect class" or "burdens a fundamental right"); *accord Lofton v. Sec'y of Dept. of Children and Family Svcs.*, 377 F.3d 1275, 1277 (11th Cir. 2004) (Birch, J., specially concurring in the denial of rehearing en banc). Moreover, free speech is a fundamental right. *See, e.g., Akins v. Fulton Cty., Ga.*, 420 F.3d 1293 (11th Cir. 2005) (explaining that, although not absolute, the right to free speech is fundamental). Flava Works has alleged that the City violated its Equal Protection guarantees, by targeting it for unequal treatment based upon its speech. Accordingly, the City's Motion to Dismiss Count IV is denied.

> **E.     Plaintiffs' have adequately alleged that the Ordinance is unconstitutionally overbroad (Count V)**

The City contends that, for the same reasons Plaintiffs' lack standing to bring Count I, they lack standing to bring Count V. Having resolved standing as to Count I – challenging the procedural aspects of the permitting process – I find for that, for substantially the same reasons, that Plaintiff also has standing to bring its overbreadth challenge of the Ordinance. *See* Part A, above; *see also Broadrick v. Oklahoma*, 413 U.S. 601, 612-13 (1973) (noting that the Court has relaxed the

traditional rules of standing in cases where laws granted "standardless discretionary power to local functionaries, resulting in virtually unreviewable prior restraints on First Amendment rights").

> **F.     Plaintiff's have sufficiently alleged that the City's interest in regulating the secondary effects of adult entertainment establishments has no connection to the City's application of the Ordinance to the actions of Flava Works (Count VI)**

In Count VI, Flava Works asserts that the City's interest in regulating adverse secondary effects of adult businesses, and the physical segregation of businesses in general, has no nexus, or causal connection with Flava Works business where "the public offering occurs over the Internet in 'virtual space.'" *See Voyeur Dorm, L.C. v. City of Tampa, Fla.*, 265 F.3d 1232, 1237 (11th Cir. 2001). Flava Works further alleges that the City unconstitutionally overreached in applying the Ordinance to the activities occurring at the 503 residence, and in so doing subjected not only Flava Works, but many other similarly situated individuals to an unconstitutional application of the Ordinance. The City argues that it has a legitimate interest in regulating the type of conduct that Flava Works engaged in and that "narrowly tailored" does not require the "least restrictive or least intrusive" means. *Ward v. Rock Against Racism*, 491 U.S. 781, 798 (1989). While this is an accurate statement of the law, it does not provide justification for dismissing this Count. Flava Works has met its burden and sufficiently alleged that the Ordinance adversely affects speech to a greater degree than is reasonably necessary to advance the government's policies. *See id.* at 799 ("Government may not regulate expression in such a manner that a substantial portion of the burden on speech does not serve to advance its goals."). Therefore, the City's Motion to Dismiss Count VI is denied.

### G. Plaintiffs have sufficiently alleged that the Ordinance is violative of the Dormant Commence Clause (Count VII)

Flava Works contends that because its business operates within interstate commerce, *i.e.* that it exists in "cyberspace" or within the Internet, that the City's application of the Ordinance violates the Dormant Commerce Clause. The Commerce Clause acts as a "limitation on the power of the States to enact laws imposing substantial burdens on [interstate] commerce." *S.-Cent. Timber Dev., Inc. v. Wunnicke*, 467 U.S. 82, 87 (1984). The City's Motion to Dismiss simply asserts that the Ordinance is not a substantial burden upon interstate commerce. It is not enough for the City to merely assert that the Ordinance does not create a substantial burden. *See Kassel v. Consol. Freightways Corp. of Del.*, 450 U.S. 662, 670-71 (1981) (explaining that an evaluation of a State's purpose in regulating some aspect of interstate commerce requires a weighing of interests involved). The City's Motion to Dismiss Count VII is denied.

### H. Plaintiffs' have sufficiently asserted that this Court has supplemental jurisdiction, to review the determination of the Board

Flava Works has invoked the jurisdiction of this Court under 28 U.S.C. §1367 – supplemental jurisdiction – to review the decision of the Board in applying the Ordinance to them. Flava Works has petitioned this Court for a Writ of Common Law Certiorari to review the decision of the Board.[3] The City argues that this Court should decline to exercise such jurisdiction based upon its argument that all of the federal question counts should be dismissed, and with no original jurisdiction remaining, a review of Board's decision would be more appropriate for a State court.

---

[4] The parties have cited to no case law on the issue of whether this matter should be heard before this Court on certiorari review or simply an appeal under the Court's supplemental jurisdiction. I have discerned no controlling principle based upon Florida law on this issue, however, because it is clear that supplemental jurisdiction applies, this count shall not be dismissed.

As this opinion reflects, most of the federal question Counts have survived the City's Motion to Dismiss. This Court has supplemental jurisdiction to review the state issues because they are related to the federal issues for which it has original jurisdiction. *See* 28 U.S.C. §1367(a). Moreover, direct appeal or certiorari review is proper as Flava Works alleges that the Board applied the Ordinance an unconstitutional manner. *See Zucht v. King*, 260 U.S. 174, 177 (1922); *compare Hickey v. Wells*, 91 So. 2d 206, 207-08 (Fla. 1957) (discussing common-law writs of certiorari to review the decisions of certain administrative boards); *with Richbon, Inc. v. Miami-Dade County*, 791 So. 2d 505, 506 n.2 (Fla. Dist. Ct. App. 2001) (noting that review of a code enforcement board's decision is by appeal). Accordingly the City's argument that the petition to review the Board's decision should be dismissed for want of original jurisdiction is denied.

### I.  *Defendants' have failed to sufficiently assert that the Board is improperly named as a Defendant in this suit*

The final issue raised in the City's Motion to Dismiss is whether the Board is properly named as a Defendant in this matter. The City correctly asserts that under Fed. R. Civ. P. 17(b), whether the Board is a properly named entity, subject to suit, is decided under the applicable State law. However, Florida case law is sparse on this issue. There have been numerous cases decided in Florida courts with a code enforcement board as a party. *See, e.g., City of Coral Gables Code Enforcement Bd. v. Tien*, 967 So. 2d 963 (Fla. Dist. Ct. App. 2007); *City of Palm Bay and Palm Bay Code Enforcement Bd. v. Palm Bay Greens, LLC*, 969 So. 2d 1187 (Fla. Dist. Ct. App. 2007); *Castro v. Miami-Dade Cty. Code Enforcement*, 967 So. 2d 230 (Fla. Dist. Ct. App. 2007); *see also Grayden v. Rhodes*, 345 F.3d 1225, 1229 n.9 (11th Cir. 2003) (noting that the "district court ruled that the City's Code Enforcement Board is an autonomous entity subject to suit").

The City argues that the analysis hinges upon whether a code enforcement board is an "integral part" of the city government. *See Fla. City Police Dept. v. Corcoran*, 661 So.2d 409, 410 (Fla. Dist. Ct. App. 1995) (quoting *Eddy v. City of Miami*, 715 F.Supp. 1553, 1556 (S.D. Fla. 1989) ("Where a police department is an integral part of the city government as the vehicle through which the city government fulfills its policing functions, it is not an entity subject to suit.")). However, Florida jurisprudence goes beyond the "integral part" analysis, and a determination as to whether the Board is a properly named party requires a far more searching inquiry than has been provided by the City. *See Lederer v. Orlando Utils. Com'n*, No. 5D07-1933, 2008 WL 1752222, at * 2-4 (Fla. Dist. Ct. App. Apr. 8, 2008) (conducting a detailed analysis as to whether a board was a municipal or quasi-municipal agency or merely a component part of the city, and reviewing among other factors, the creation and history of the board, and the degree of autonomy and authority of the board). In the instant matter, Flava Works has alleged that the Board is an agency of the City. This assertion, if true, may render the Board subject to suit under Florida law. The City's argument to the contrary is insufficient to warrant dismissal of the Board at this time. The City's Motion to Dismiss is thus denied on this issue.

Upon consideration of Defendants' Motion to Dismiss [DE 6], Plaintiff's Response [DE 10], and Defendant's Reply [DE 12], and for the reasons stated herein, it is hereby **ORDERED AND ADJUDGED** that:

(1)  Defendants' Motion to Dismiss [DE 6] is **DENIED** with respect to all Counts except Count III;

(2)  Defendants' Motion to Dismiss [DE 6] is **DENIED** with respect to the Plaintiff's Petition for Writ of Certiorari;

(3) Defendants' Motion to Dismiss [DE 6] is **GRANTED,** *without prejudice*, as to Count III, and Plaintiffs will permitted to replead that cause of action.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 30th day of May 2008.

*[signature: Marcia G. Cooke]*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*The Hon. Ted E. Bandstra*
*Counsel of Record*