UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**FLAVA WORKS, INC.**,
a Florida corporation doing business as
COCODORM.COM, and
**ANGEL BARRIOS**,                                                     CASE NO.: 07-22370-civ-MGC

       Plaintiffs / Petitioners,

vs.

**CITY OF MIAMI, FLORIDA**,
a Florida municipal corporation; and
**CITY OF MIAMI CODE ENFORCEMENT
BOARD**,

       Defendants / Respondents.
_____/

## PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

COME NOW the Plaintiffs / Petitioners by and through their undersigned attorneys, and pursuant to Rule 56, Fed.R.Civ.P., move this Court to enter a Partial Summary Judgment declaring that Plaintiffs' residential facility is neither a business nor an adult business under the City of Miami Code of Ordinances; or in the alternative, that the procedures employed by Defendants violated due process under constitutional and state standards; or in the alternative, that the attempt to apply the Miami Code of Ordinances to Plaintiffs in these circumstances is unconstitutional under the First Amendment, and in support thereof state as follows:

## INTRODUCTION

This Motion for Summary Judgment addresses certain issues raised via Plaintiffs' supplemental Petition for Writ of Certiorari as well as the federal claims raised in their Complaint. However, Plaintiffs are not seeking a summary judgment as to all issues in this case as some of those issues are fact-intensive and are not susceptible to summary disposition. While styled Motion for Partial Summary Judgment, all issues in this case will be resolved if Plaintiffs prevail on this Motion.

In keeping with principles of comity and judicial restraint, Plaintiffs begin with those claims which can be decided on the basis of rules of statutory construction and state law principles that do not require a declaration that laws or procedures are unconstitutional. To the extent this case is not decided by ordinary rules of construction, Plaintiffs focus on those constitutional claims which do not require further factual development and can be decided on the face of the ordinances.

In summary, Plaintiffs seek a declaration that the Miami Code Enforcement Board erred in concluding that Plaintiff's residential facility violates the City's zoning code. The case of Voyeur Dorm, L.C. v. City of Tampa, 265 F.3d 1232 (11th Cir. 2001) controls that determination. Plaintiffs also assert that the CEB Order is substantively defective under governing state law and that the procedures utilized by the Board violated due process rights. If the Court must reach Plaintiffs' First Amendment claims, it will conclude that the City's special exception requirement is facially unconstitutional and the attempt to employ the adult business code to Plaintiffs' residential use is overbroad and not narrowly tailored.

## RELEVANT PLEADINGS, DEPOSITIONS AND MATERIALS

The Plaintiffs' claims are set forth in its Complaint. (Doc. 1). In addition to the allegations of the Complaint, the record evidence and argument relied on by Plaintiffs in support of this Motion consist of the following:

A. Affidavit of Phil Bleicher in Support of Plaintiffs' Motion for Partial Summary Judgment (filed contemporaneously herewith).

B. Plaintiffs' Memorandum of Law on Support of Motion for Summary Judgment (filed contemporaneously herewith).

C. Statement of Material Facts (filed contemporaneously herewith).

## SUMMARY OF CLAIMS

Plaintiffs' arguments may be summarized as follows:

1. Plaintiffs variously own or lease a home where adult individuals publicize aspects of their daily lives (including intimate acts) over the Internet by way of webcams. Because no actual business takes place at this location and because customers do not come to the premises in order to engage in commerce, Defendants are incorrect in characterizing Plaintiffs' use of the residence as either a business or an adult business. The Eleventh Circuit came to that same conclusion when reviewing a very similar zoning ordinance and essentially identical facts in <u>Voyeur Dorm, L.C. v. City of Tampa</u>, 265 F.3d 1232 (11th Cir. 2001). Conventional zoning ordinances have no meaningful application to cyberspace and the virtual world of the Internet.

2. The Final Administrative Enforcement Order, entered by the Miami Code Enforcement Board on August 23, 2007, is defective on its face because it did not include the findings of fact and conclusions of the law required by §2-815(e) of the Miami Code.

3. The Code Enforcement Board violated petitioners' procedural due process rights because it utilized essentially random procedures to decide important evidentiary issues. Those procedures did not comport with Sec. 2-815 of the Miami Code or Florida common law.

4. The Code Enforcement Board abused its discretion by interpreting its geographically-based zoning code to apply to cyberspace, which has no geographic boundaries. If that interpretation is not improper under ordinary rules of construction, it nevertheless violates the First Amendment because the ordinances are overbroad and not narrowly tailored. The administrative construction of the code favored by the Code Enforcement Board would curtail a large amount of protected speech without advancing any substantial government interest.

5. The Miami zoning code is unconstitutional because it imposes an unconstitutional prior restraint and fails to provide alternative avenues of communication. Nowhere in Miami are adult businesses permitted as of right. The discretionary criteria and procedures for granting the requisite Special Permit are unconstitutional and violative of the First Amendment. *See*, Lady J. Lingerie v. City of Jacksonville, 176 F.3d 1358 (11th Cir. 1999).

## CONCLUSION AND RELIEF SOUGHT

Plaintiffs maintain that this case is controlled by Voyeur Dorm, L.C. v. City of Tampa, 265 F.3d 1232 (11th Cir. 2001) and urge this Court to adopt the findings and holdings of that decision. Plaintiffs seek an Order quashing the August 23, 2007 Final Administrative Enforcement Order, and declaring that Order to be void and unenforceable for the reasons set forth in this Motion.

**WHEREFORE**, Plaintiffs move this Court to enter Summary Judgment in their favor as prayed for herein.

*Respectfully submitted,*

DANIEL R. AARONSON, Esquire
Florida Bar No.: 314579
One Financial Plaza #1615
Ft. Lauderdale, Florida 33394
(954) 779-1700 (Fax) (954) 779-1771
danaaron@bellsouth.net

JAMES S. BENJAMIN, Esquire
Florida Bar No.: 293245
One Financial Plaza #1615
Ft. Lauderdale, Florida 33394
(954) 779-1700 (Fax) (954) 779-1771
sexlaw@bellsouth.net

*Attorneys for Plaintiffs / Petitioners*

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion has been furnished to WARREN BITTNER, Esquire, Office of the City Attorney, Miami Riverside Center, Suite 945, 444 S.W. 2nd Avenue, Miami, Florida 33130-1910, via the CM/ECF system this 14th day of August, 2008.

JAMES S. BENJAMIN, Esquire
Florida Bar No.: 293245