UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**FLAVA WORKS, INC.,**
a Florida corporation doing business as
COCODORM.COM, and
**ANGEL BARRIOS,**                                          CASE NO.: 07-22370-civ-MGC

       Plaintiffs / Petitioners,

vs.

**CITY OF MIAMI, FLORIDA,**
a Florida municipal corporation; and
**CITY OF MIAMI CODE ENFORCEMENT
BOARD,**

       Defendants / Respondents.
_____/

## AFFIDAVIT OF PHIL BLEICHER
## IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL
## SUMMARY JUDGMENT

STATE OF FLORIDA

COUNTY OF _MIAMI-DADE_

       The undersigned Affiant, being first duly sworn, deposes and says:

       1.    I am PHIL BLEICHER, the President of FLAVA WORKS, INC., one of the Plaintiffs in the above styled action. I have personal knowledge of the facts set forth in the Plaintiffs' Complaint for Declaratory and Injunctive Relief and Supplemental Claim for Petition for Writ of Certiorari and am authorized to execute this Affidavit on behalf of FLAVA WORKS, INC.

2. The facts set forth in the Plaintiff's Plaintiffs' Complaint for Declaratory and Injunctive Relief and Supplemental Claim for Petition for Writ of Certiorari are true and correct. This Affidavit is intended as a verification of that Complaint.

3. Plaintiff, FLAVA WORKS, INC ("COCO DORM") operates an Internet-based website transmitting 24 hours a day which communicates documentary, anthropological and sociological information and commentary regarding the lives of the residents of 503 N.E. 27th Street, Miami, Miami-Dade County, Florida (hereinafter referred to as "503 N.E. 27th Street" or "the Coco Dorm House"). This Internet-based transmission is provided via the World Wide Web, a global computer network.

4. COCO DORM's business office is located at 2610 North Miami Avenue, Miami, Miami-Dade County, Florida. That is where the accounting and financial aspects of the business are conducted and that is the "principal place of business" designated by the Florida Secretary of State.

5. COCO DORM holds City of Miami and Miami-Dade County occupational licenses to operate a video and graphics business at the 2610 North Miami Avenue site.

6. All of the physical business of COCO DORM is either directed or conducted from the 2610 North Miami Avenue office. However, the servers which are the physical repositories of the COCO DORM website are not located at the 2610 North Miami Avenue office or at the house at 503 N.E. 27th Street. In addition, the actual production of physical videos, DVDs and magazines are conducted through third party contractors which are also located offsite (i.e. not at that COCO DORM office or house). Most of the shipping of videos, DVDs and magazines also takes place off-premises.

7. While COCO DORM has a physical office at 2610 North Miami Avenue, its business is actually conducted in cyberspace. That is, COCO DORM offers live and recorded feeds of sexually explicit conduct to the consuming public via the Internet. Customers purchase their products through use of the Internet. Deliveries of those products occurs either through the Internet (for digital content) or via the U.S. Mail or private carriers for physical videos, DVDs and magazines. It is exceptionally unusual for customers or vendors to physically go to the business offices at 2610 North Miami Avenue.

8. COCO DORM participates in interstate commerce as subscribers to its website are located throughout the United States and elsewhere in the world. Likewise, COCO DORM's physical media (videos, DVDs and magazines) are shipped to locations around the world.

9. The content for the COCO DORM live and recorded web-feeds, as well as its videos, DVDs and magazines, is received in digital form from "webcams" (small cameras which capture and relay digital images over the Internet) located in a residence at 503 N.E. 27th Street in Miami.

10. COCO DORM rents the premises 503 N.E. 27th Street from BARRIOS (i.e. COCO DORM is a tenant and BARRIOS is the landlord for the subject premises).

11. The content for the COCO DORM live and recorded web-feeds, as well as its videos, DVDs and magazines, is received in digital form from "webcams" (small cameras which capture and relay digital images over the Internet) located in a residence at 503 N.E. 27th Street in Miami.

12. The residence at 503 N.E. 27th Street is occupied by several Black and Latino males who live in the house. Those residents agree to have their images captured by webcams which forward the digital images to COCO DORM's off-site servers for distribution over the Internet or by common carrier.

13. The residents at 503 N.E. 27th Street are expected to engage in sexual relations which are captured by the webcams located throughout the premises. Likewise, the webcams capture images of their daily lives in the residence.

14. In exchange for allowing their images to be broadcast over the Internet and used in videos, DVDs and magazines, the residents at 503 N.E. 27th Street receive free rooms, are provided with groceries and entertainment equipment and receive payment from COCO DORM as independent contractors.

15. None of the webcams are located outside of the residence at 503 N.E. 27th Street and no images external to the home are broadcast over the Internet or otherwise utilized by COCO DORM. All of the images utilized by COCO DORM concern activities occurring behind closed doors at the residence.

16. COCO DORM does not disclose the location of the home at 503 N.E. 27th Street on its website or in any of its videos, DVDs or magazines.

17. No business is conducted from the location at 503 N.E. 27th Street

18. Nothing is sold from the location at 503 N.E. 27th Street.

19. There is no advertizing for any products or services at the 503 N.E. 27th Street location.

20. The home at 503 Northeast 27th Street is used for residential purposes and is not now, nor has it ever been, open to the public.

21.   Customers, vendors and suppliers of COCO DORM never come to the premises at 503 N.E. 27th Street for any purpose.

22.   Prior to the instant dispute with the Defendants, neighbors in the vicinity of the 503 N.E. 27th Street home had no knowledge that the interior of the home was connected to the Internet or that webcams captured images of the residents engaged in sexual activities. The neighbors were not disturbed in any way by the activities which occurred behind closed doors in a private residence.

23.   Prior to the instant dispute with the Defendants, none of Plaintiffs' neighbors complained about Plaintiffs' use and occupancy of the home at 503 N.E. 27th Street.

24.   The occupancy of the home at 503 N.E. 27th Street and the Internet transmission of images from inside that home do not generate adverse secondary effects of any kind. The home is indistinguishable from any other house in the community.

25.   The Defendants believe that Plaintiffs operate an adult entertainment establishment at 503 N.E. 27th Street.

26.   Plaintiffs counsel specifically advised Defendants and their staff and legal counsel that the case of <u>Voyeur Dorm, L.C. v. City of Tampa</u>, 265 F.3d 1232 (11th Cir. 2001) controlled the outcome of this dispute and that Defendants could not use their conventional zoning code to regulate cyberspace.

27.   Following hearings conducted over several days, the MIAMI CODE ENFORCEMENT BOARD entered its Final Administrative Enforcement Order on or about August 23, 2007. A copy of that Order is attached as Exhibit "E" to the Complaint.

28. The Final Administrative Enforcement Order finds that Plaintiffs violated two provisions of the Miami Zoning Ordinance:

-1537 Adult entertainment not permitted in C-1 zone property" and

-1572 Illegally operating a business in a residential zone."

29. While Plaintiffs continue to maintain their residential use as described in this Affidavit, they are incurring code enforcement fines of $150.00 per day and face the loss of the home as a result of Defendants' actions.

30. The matters set forth herein are of my own personal knowledge.

FURTHER AFFIANT SAYETH NAUGHT.

_____
PHIL BLEICHER

STATE OF FLORIDA
COUNTY OF Miami-Dade

BEFORE ME, the undersigned authority, appeared PHIL BLEICHER, who is personally known to me to and who took an oath and acknowledged before me that he subscribed to this Affidavit on the 13th day of August, 2008.

**Jean-Denis Nacier**
Commission # DD569546
Expires June 29, 2010
Bonded Troy Fain - Insurance, Inc  800-385-7019

_____
NOTARY PUBLIC, State of Florida

My Commission Expires: June 29th, 2010