UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**FLAVA WORKS, INC.,**
a Florida corporation doing business as
COCODORM.COM, and
**ANGEL BARRIOS,**

CASE NO.: 07-22370-civ-MGC

    Plaintiffs / Petitioners,

vs.

**CITY OF MIAMI, FLORIDA,**
a Florida municipal corporation; and
**CITY OF MIAMI CODE ENFORCEMENT BOARD,**

    Defendants / Respondents.
_____/

## PLAINTIFFS' STATEMENT OF MATERIAL FACTS IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

COME NOW the Plaintiffs / Petitioners by and through their undersigned attorneys, and pursuant to Rule 56, Fed.R.Civ.P. and Local Rule 7.5-C, file the following statement of material facts in support of their Motion for Partial Summary Judgment.

### COURSE OF PROCEEDINGS

Plaintiffs filed their Complaint and Supplemental Petition for Certiorari on September 10, 2007. (Doc. 1). The Defendants filed a Motion to Dismiss on December 3, 2007. (Doc. 6). That Motion was denied in large part by the Order of this Court entered on June 2, 2008. (Doc. 15). Defendants filed their Amended Answer and Defenses on June 16, 2008. (Doc. 17). This case is at issue.

All of Plaintiffs' claims remain pending before this Court with the exception of Count III which asserted a regulatory taking. That claim was dismissed by the Court without prejudice (Doc. 15-6) and the Plaintiffs elected not to re-plead that Count.

Neither party has engaged in discovery at this stage of the proceedings. However, the Plaintiffs are seeking a Summary Judgment only on those claims which do not require further factual development and can be decided on the face of the ordinances and this record. Plaintiffs have filed the Affidavit of the principal officer of Plaintiff FLAVA WORKS, INC. contemporaneously with their Motion for Partial Summary Judgment. That Affidavit verifies the material facts relied on by Plaintiffs in support of their Motion. The record of the case speaks for itself.

## **MATERIAL FACTS**

1. Plaintiff, FLAVA WORKS, INC ("COCO DORM") operates an Internet-based website transmitting 24 hours a day which communicates documentary, anthropological and sociological information and commentary regarding the lives of the residents of 503 N.E. 27th Street, Miami, Miami-Dade County, Florida (hereinafter referred to as "503 N.E. 27th Street" or "the Coco Dorm House"). This Internet-based transmission is provided via the World Wide Web, a global computer network. (Doc. 1, ¶10, 15; Bleicher Affidavit at ¶3).

2. COCO DORM's business office is located at 2610 North Miami Avenue, Miami, Miami-Dade County, Florida. That is where the accounting and financial aspects of the business are conducted and that is the "principal place

of business" designated by the Florida Secretary of State. (Doc. 1, ¶16; Bleicher Affidavit at ¶4).

3. COCO DORM holds City of Miami and Miami-Dade County occupational licenses to operate a video and graphics business at the 2610 North Miami Avenue site. (Doc. 1, ¶17; Bleicher Affidavit at ¶5).

4. All of the physical business of COCO DORM is either directed or conducted from the 2610 North Miami Avenue office. However, the servers which are the physical repositories of the COCO DORM website are not located at the 2610 North Miami Avenue office or at the house at 503 N.E. 27th Street. In addition, the actual production of physical videos, DVDs and magazines are conducted through third party contractors which are also located offsite (i.e. not at that COCO DORM office or house). Most of the shipping of videos, DVDs and magazines also takes place off-premises. (Doc. 1, ¶18; Bleicher Affidavit at ¶6).

5. While COCO DORM has a physical office at 2610 North Miami Avenue, its business is actually conducted in cyberspace. That is, COCO DORM offers live and recorded feeds of sexually explicit conduct to the consuming public via the Internet. Customers purchase their products through use of the Internet. Deliveries of those products occurs either through the Internet (for digital content) or via the U.S. Mail or private carriers for physical videos, DVDs and magazines. It is exceptionally unusual for customers or vendors to physically go to the business offices at 2610 North Miami Avenue. (Doc. 1, ¶19; Bleicher Affidavit at ¶7).

6. COCO DORM participates in interstate commerce as subscribers to its website are located throughout the United States and elsewhere in the world. Likewise, COCO DORM's physical media (videos, DVDs and magazines) are shipped to locations around the world. (Doc. 1, ¶20; Bleicher Affidavit at ¶8).

7. The content for the COCO DORM live and recorded web-feeds, as well as its videos, DVDs and magazines, is received in digital form from "webcams" (small cameras which capture and relay digital images over the Internet) located in a residence at 503 N.E. 27th Street in Miami. (Doc. 21, ¶1; Bleicher Affidavit at ¶9).

8. COCO DORM rents the premises 503 N.E. 27th Street from BARRIOS (i.e. COCO DORM is a tenant and BARRIOS is the landlord for the subject premises). (Doc. 1, ¶10; Bleicher Affidavit at ¶10).

9. The content for the COCO DORM live and recorded web-feeds, as well as its videos, DVDs and magazines, is received in digital form from "webcams" (small cameras which capture and relay digital images over the Internet) located in a residence at 503 N.E. 27th Street in Miami. (Doc. 1, ¶21; Bleicher Affidavit at ¶11).

10. The residence at 503 N.E. 27th Street is occupied by several Black and Latino males who live in the house. Those residents agree to have their images captured by webcams which forward the digital images to COCO DORM's off-site servers for distribution over the Internet or by common carrier. (Doc. 1, ¶25; Bleicher Affidavit at ¶12).

11. The residents at 503 N.E. 27th Street are expected to engage in sexual relations which are captured by the webcams located throughout the premises. Likewise, the webcams capture images of their daily lives in the residence. (Doc. 1, ¶26; Bleicher Affidavit at ¶13).

12. In exchange for allowing their images to be broadcast over the Internet and used in videos, DVDs and magazines, the residents at 503 N.E. 27th Street receive free rooms, are provided with groceries and entertainment equipment and receive payment from COCO DORM as independent contractors. (Doc. 1, ¶27; Bleicher Affidavit at ¶14).

13. None of the webcams are located outside of the residence at 503 N.E. 27th Street and no images external to the home are broadcast over the Internet or otherwise utilized by COCO DORM. All of the images utilized by COCO DORM concern activities occurring behind closed doors at the residence. (Doc. 1, ¶28; Bleicher Affidavit at ¶15).

14. COCO DORM does not disclose the location of the home at 503 N.E. 27th Street on its website or in any of its videos, DVDs or magazines. (Doc. 1, ¶29; Bleicher Affidavit at ¶16).

15. No business is conducted from the location at 503 N.E. 27th Street. (Doc. 30, ¶1; Bleicher Affidavit at ¶17).

16. Nothing is sold from the location at 503 N.E. 27th Street. (Doc. 1, ¶30 (sic); Bleicher Affidavit at ¶18).

17. There is no advertizing for any products or services at the 503 N.E. 27th Street location. (Doc. 1, ¶31; Bleicher Affidavit at ¶19).

18. The home at 503 Northeast 27th Street is used for residential purposes and is not now, nor has it ever been, open to the public. (Doc. 1, ¶32; Bleicher Affidavit at ¶20).

19. Customers, vendors and suppliers of COCO DORM never come to the premises at 503 N.E. 27th Street for any purpose. (Doc. 1, ¶33; Bleicher Affidavit at ¶21).

20. Prior to the instant dispute with the Defendants, neighbors in the vicinity of the 503 N.E. 27th Street home had no knowledge that the interior of the home was connected to the Internet or that webcams captured images of the residents engaged in sexual activities. The neighbors were not disturbed in any way by the activities which occurred behind closed doors in a private residence. (Doc. 1, ¶34; Bleicher Affidavit at ¶22).

21. Prior to the instant dispute with the Defendants, none of Plaintiffs' neighbors complained about Plaintiffs' use and occupancy of the home at 503 N.E. 27th Street. (Doc. 1, ¶35; Bleicher Affidavit at ¶23).

22. The occupancy of the home at 503 N.E. 27th Street and the Internet transmission of images from inside that home do not generate adverse secondary effects of any kind. The home is indistinguishable from any other house in the community. (Doc. 1, ¶36; Bleicher Affidavit at ¶24).

23. The Defendants believe that Plaintiffs operate an adult entertainment establishment at 503 N.E. 27th Street. (Doc. 1, ¶40; Bleicher Affidavit at ¶25).

24. Plaintiffs counsel specifically advised Defendants and their staff and legal counsel that the case of Voyeur Dorm, L.C. v. City of Tampa, 265 F.3d 1232

(11th Cir. 2001) controlled the outcome of this dispute and that Defendants could not use their conventional zoning code to regulate cyberspace. (Doc. 1, ¶61; Bleicher Affidavit at ¶26).

25. Following hearings conducted over several days, the MIAMI CODE ENFORCEMENT BOARD entered its Final Administrative Enforcement Order on or about August 23, 2007. A copy of that Order is attached as Exhibit "E" to the Complaint. (Doc. 1, ¶65; Bleicher Affidavit at ¶27).

26. The Final Administrative Enforcement Order finds that Plaintiffs violated two provisions of the Miami Zoning Ordinance:

-1537 Adult entertainment not permitted in C-1 zone property" and

-1572 Illegally operating a business in a residential zone."

(Doc. 1, ¶63, 64; Bleicher Affidavit at ¶28).

27. While Plaintiffs continue to maintain their residential use of the subject premises, they are incurring code enforcement fines of $150.00 per day and face the loss of the home as a result of Defendants' actions. (Doc. 1, Ex. E; Bleicher Affidavit at ¶29).

*Respectfully submitted,*

_____
DANIEL R. AARONSON, Esquire
Florida Bar No. 314579
One Financial Plaza #1615
Ft. Lauderdale, Florida 33394
(954) 779-1700 (Fax) (954) 779-1771
danaaron@bellsouth.net

_____
JAMES S. BENJAMIN, Esquire
Florida Bar No.: 293245
One Financial Plaza #1615
Ft. Lauderdale, Florida 33394
(954) 779-1700 (Fax) (954) 779-1771
sexlaw@bellsouth.net

*Attorneys for Plaintiffs / Petitioners*

I HEREBY CERTIFY that a true and correct copy of the foregoing Statement of Material Facts has been furnished to WARREN BITTNER, Esquire, Office of the City Attorney, Miami Riverside Center, Suite 945, 444 S.W. 2nd Avenue, Miami, Florida 33130-1910, via the CM/ECF system this 14th day of August, 2008.

JAMES S. BENJAMIN, Esquire
Florida Bar No.: 293245