UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**FLAVA WORKS, INC.,**
a Florida corporation doing business as
COCODORM.COM, and
**ANGEL BARRIOS,**

CASE NO.: 07-22370-civ-MGC

    Plaintiffs / Petitioners,

vs.

**CITY OF MIAMI, FLORIDA,**
a Florida municipal corporation; and
**CITY OF MIAMI CODE ENFORCEMENT BOARD,**

    Defendants / Respondents.
_____/

# PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; RESPONSE TO WRIT OF CERTIORARI

COME NOW the Plaintiffs, by and through their undersigned attorneys, and respond as follows to the Defendants' Motion for Summary Judgment; Response to Writ of Certiorari and say:

1. Plaintiffs adopt their argument set forth in their Motion for Summary Judgment and accompanying Memorandum of Law (Docs. 18, 19). This Memorandum will address only those new issues raised by the Defendants in their cross Motion. Plaintiffs further rely on their Statement of Material Facts filed in support of their Motion for Summary Judgment (Doc. 20).

## SUMMARY JUDGMENT STANDARD; CONTESTED FACTS

2. Defendants' Motion for Summary Judgment should be denied because it is wrong on the law and wrong on the application of the law to these facts. Defendants' case necessarily turns on the idea that commerce is done at Plaintiffs' residence. Plaintiffs maintain that the record of this case does not support such a finding and that the Court should grant summary judgment in their favor because the facts are not truly disputed.

3. Defendants colorfully describe Plaintiffs' residence as a den of inequity where Sodom and Gomorrah come to do business. *See, e.g.*, Doc. 22 at ¶¶5-7, 7 (sic). To the extent that the Defendants' characterization of the facts colors the record or leads to conflicting inferences, those disputed facts will not support a summary judgment. Summary judgment is inappropriate where the parties agree on the basic facts if they disagree about the inferences that should be drawn from these facts. As the Eleventh Circuit recently said:

> In assessing whether the movant has met this burden, the courts should view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion. All reasonable doubts about the facts should be resolved in favor of the non-movant. If the record presents factual issues, the court must not decide them; it must deny the motion and proceed to trial. Summary judgment may be inappropriate even where the parties agree on the basic facts, but disagree about the inferences that should be drawn from these facts. If reasonable minds might differ on the inferences arising from undisputed facts, then the court should deny summary judgment. (citations omitted)

Patterson & Wilder Const. Co., Inc. v. U.S., 226 F.3d 1269, 1273 (11th Cir. 2000).

4. Contested facts clearly remain with respect to the Plaintiffs' claims under the Dormant Commerce Clause. (U.S. CONST. Art. I, §8, cl. 3). The Defendants argue that they are not discriminating against interstate commerce. However, they do not address the

BENJAMIN & AARONSON, P.A. • One Financial Plaza • Suite 1615 • Fort Lauderdale, Florida 33394

second prong of Commerce Clause analysis: that even an incidental burden on interstate commerce must be supported by some benefit to the local government. *See, e.g.*, Yamaha Motor Corp., U.S.A. v. Jim's Motorcycle, Inc., 401 F.3d 560, 567 (4th Cir. 2005) (Discussing the "Pike" balancing test which requires an examination of the relative burdens imposed on commerce in comparison to the putative local benefits). Here, Plaintiffs assert that the City has no interest in regulating the effects of a cyberbusiness operating through the Internet. Even a slight impact on interstate commerce is impermissible if there is no corresponding local benefit gained by the regulation.

The Defendants have not filed any affidavits or sworn statements in support of their Motion for Summary Judgment. Accordingly, there is no evidence that would allow this Court to conclude that Defendants have proven or can prove the existence of a local benefit which justifies the burden on commerce. Absent that evidence, summary judgment is not appropriate.

## SUBSTANTIVE ARGUMENTS

5. The thrust of Plaintiffs' case is that the City's zoning ordinances do not reach and cannot reach conduct which occurs only in cyberspace. The undisputed facts show that no business is conducted at the subject premises; no customers come to call; nothing is sold at the residence, and no products are shipped from that location. (Doc. 20 at ¶¶1-7, 10-14; Doc. 22 at ¶¶ 8-12). Voyeur Dorm, L.C. v. City of Tampa, 265 F.3d 1232 (11th Cir. 2001) controls the outcome of this case.

6. Defendants can come up with only one argument in an attempt to distinguish Voyeur Dorm: the Tampa ordinance at issue in that case included the words "on which is offered to members of the public or any person", while the Miami ordinance

does not include those precise words. (Doc. 21 at 16). Of course, the two ordinances are functionally identical.

The Defendants also read Voyeur Dorm as if the only failing of the Tampa ordinance was the fact that patrons did not physically go to the house where the video images were produced.[1] However, Voyeur Dorm was not so narrowly decided. Rather, the point the Eleventh Circuit was making is that no business of any kind was being conducted at the Voyeur Dorm house. Instead, "[t]he offering occurs when the videotaped images are dispersed over the internet and into the public eye for consumption." 265 F.3d at 1236. The Court goes on to emphasize that zoning ordinances are singularly unsuitable for regulating cyberbusineses which do not have a physical location:

> The City Code cannot be applied to a location that does not, itself, offer adult entertainment to the public. ***As a practical matter, zoning restrictions are indelibly anchored in particular geographic locations***. Residential areas are often cordoned off from business districts in order to promote a State's interest.... It does not follow, then, that a zoning ordinance designed to restrict facilities that offer adult entertainment can be applied to a particular location that does not, at that location, offer adult entertainment. ... ***Indeed, the public offering occurs over the Internet in "virtual space."*** (emphasis added).

Id. at 136-37.

7. Defendants' inability to apply their zoning code in this context does not stem from any particular words included in or omitted from the City's zoning code. Rather, the deficiency arises from the undeniable fact that no business is conducted at the geographic location which the City seeks to regulate. By definition zoning codes are tied to physical locations on a map. *See*, Voyeur Dorm, 265 F.3d at 1236. ("As a practical

---

[1] The same is true in this case: no patrons ever come to the Plaintiffs' residence. (Doc. 1 at 8 [¶¶29-33]).

BENJAMIN & AARONSON, P.A. • One Financial Plaza • Suite 1615 • Fort Lauderdale, Florida 33394

matter, zoning restrictions are indelibly anchored in particular geographic locations."). In contrast, the Internet and the World Wide Web do not operate at any one location, but serve as ethereal conduits of information and commercial exchange, existing only in "cyberspace".[2]

8.  The Defendants claim that Plaintiffs cannot succeed because they "do not even challenge the fact that Board found it was in violation of the Miami Zoning Ordinance by operating a business in a residential zone." (Doc. 21 at 16). Defendants could reach this absurd conclusion only if they never actually read Plaintiffs' Complaint and Petition.

Plaintiffs assigned error to the Code Enforcement Board for its refusal to grant Plaintiffs' Motion to Dismiss against both the adult entertainment provisions (§1537) *and* the general prohibition against operating any business in a residential zone (§1572). *See, e.g.*, Doc. 1 at 14-15 [¶¶60, 62]. Likewise, Plaintiffs asked this Court to quash the Final Administrative Enforcement Order *in its entirety* – not just the portions addressing the adult entertainment code:

> The Petitioners request this Honorable Court to grant this Petition for Writ of Certiorari and quash the determination of the MIAMI CODE ENFORCEMENT BOARD, because the Final Administrative Enforcement Order departed from the essential requirements of the law, denied Petitioners due process and the findings were not supported by substantial competent evidence.

---

[2] Like Senator Ted Stevens, the Defendants seem to think of the Internet as a physical "series of tubes". However, cyberspace is immaterial. *See*, Reno v. ACLU, 521 U.S. 844, 851, 117 S.Ct. 2329, 2334 (1997) (The Internet is "a unique medium-known to its users as 'cyberspace'- located in no particular geographical location but available to anyone, anywhere in the world, with access to the Internet").

(Doc. 1 at 41 [Art. III]).³

That relief was supported by the underlying facts set forth in the main Complaint, all of which were incorporated into the Petition for Writ of Certiorari:

> Petitioners reallege the allegations contained in Paragraphs 1 through 84 as if fully rewritten herein and further incorporate all Exhibits attached to this Complaint and included in the Appendices accompanying this Petition, as required under Rule 9.220, Fla.R.App.P.

(Doc. 1 at 38 [Art. II]).

Plaintiffs' claims in this case could not be more clear: the Defendants improperly applied their zoning code to an activity which occurs in cyberspace rather than at the location of the residence in question. That argument is not limited to adult entertainment. The general prohibition against commercial activities in a residential zone fails because there is no commerce being conducted at this physical location.

9. Pullman abstention is singularly inappropriate in this case. Pullman abstention primarily applies where there are unsettled issues of state law which are better resolved in state court:

> Two elements must be met for *Pullman* abstention to apply: (1) the case must present an unsettled question of state law, and (2) the question of state law must be dispositive of the case or would materially alter the constitutional question presented.

---

³ The multiple prayers for relief in the main Complaint also requested relief from both portions of the City's zoning code and not just the application of the adult zoning provisions:

> That this Court enter an Order permanently enjoining the Defendants from utilizing its Zoning Code to interfere with the continued use and occupancy of the Plaintiffs' premises at 503 N.E. 27th Street, Miami, Florida.

(Doc. 1 at 24, 26, 28, 31, 35, 37).

Siegel v. LePore, 234 F.3d 1163, 1174 (11th Cir. 2000). There are no important issues of state law in this case. Rather, this case can and should be resolved in exactly the same manner that the Eleventh Circuit disposed of Voyeur Dorm.

In addition, this action was filed *before* the pending state law case and this Court has exercised jurisdiction over the subject matter throughout this proceeding. Plaintiffs have sought to abate the state court proceedings precisely because this Court is in a superior position to afford complete relief to the parties. (Doc. 22-3 – state court docket). The state court has taken no action to move that case forward. Id. There is no reason why this Court should refrain from ruling in this case.

10.     The Defendants argue that this Court should decline to exercise its supplemental jurisdiction over the state claims set forth in the Petition for Certiorari. The primary rationale is that the Court should refrain from ruling on state law issues simply because they are state law issues. Curiously, the Defendants do not even cite to the statute which actually governs these determinations. 28 U.S.C §1367(a) tells us that Federal Courts are *supposed* to rule on state law issues where those issues are inextricably intertwined with Federal issues:

> (a)     Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

The principal exception to the exercise of jurisdiction arises where the state law issues are novel or predominate over the Federal issues:

BENJAMIN & AARONSON, P.A. • One Financial Plaza • Suite 1615 • Fort Lauderdale, Florida 33394

  (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—

    (1) the claim raises a novel or complex issue of State law,

    (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

    (3) the district court has dismissed all claims over which it has original jurisdiction, or

    (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

As noted above, there are no novel or complex issues of state law in this case. While it is true that this case may be decided on the basis of the state law claims, that does not mean that the state laws claims predominate over the federal claims. To the contrary, Plaintiffs have raised serious constitutional challenges to the City's ordinances – challenges which the City does not refute or even defend against on substantive grounds.

The Eleventh Circuit saw fit to decide <u>Voyeur Dorm</u> on state law principles and to avoid ruling on the federal challenges also raised in that action. Considering that the same principles apply with equal vigor in this case, it only makes sense that this Court should exercise its supplemental jurisdiction here.

  11. This Court need not reach Plaintiffs' constitutional challenges if it concludes that <u>Voyeur Dorm</u> controls the outcome of this case on state law zoning principles. That is precisely the tack employed by the Eleventh Circuit in <u>Voyeur Dorm</u>. Plaintiffs obviously have standing to seek judicial review of the Final Administrative Enforcement Order as they are named parties in that action and are accruing fines under the Order.

BENJAMIN & AARONSON, P.A. • One Financial Plaza • Suite 1615 • Fort Lauderdale, Florida 33394

12. Plaintiffs also have standing to bring constitutional challenges against the City's adult entertainment code. This Court has already determined that Plaintiffs have standing to do so in its Order on Defendants' Motion to Dismiss (Doc. 15 at 4-5). The Defendants' suggestion that the Eleventh Circuit's decision in <u>Maverick Media Group, Inc. v. Hillsborough County, Florida</u>, 528 F.3d 817 (11th Cir. 2008) "substantially revised" the law of standing is just silly. (Doc. 21 at 4). <u>Maverick Media</u> merely applied the conventional rules of standing to a body of well-understood cases involving billboards. Plaintiffs have standing because the City says they need to move to a location which allows adult entertainment. The problem for the City, and the basis for Plaintiffs' standing, is the fact that there are no places where adult businesses are permitted as of right due to numerous constitutional defects in the City's adult code.

13. Defendants argue that standing should be denied because Plaintiffs cannot operate an adult entertainment business even if the adult zoning provisions are unlawful since no business of any kind can be conducted in a residential zone. However, Defendants ignore the fact that Plaintiffs are seeking relief against *both* aspects of the Miami Zoning Code: the prohibition against adult uses and the general prohibition against commercial establishments. This is particularly clear in the count alleging a violation of the Commerce Clause: the City has no ability to burden cyberbusinesses through its zoning code because no local benefit is derived from the regulation. (Doc. 1 at 36-37).

14. Plaintiffs elect not to pursue the claim for selective enforcement set forth in Count IV and consent to dismissal of that specific claim.

15. It is particularly noteworthy that the Defendants do not attempt to defend the constitutionality of the City's adult entertainment ordinance in response to Plaintiffs'

BENJAMIN & AARONSON, P.A. • One Financial Plaza • Suite 1615 • Fort Lauderdale, Florida 33394

First Amendment challenges. There is not one word in the Motion in response to Plaintiffs' claims that the ordinance is overbroad, not narrowly tailored and imposes an unconstitutional prior restraint. This should not be surprising: the City's adult code is hopelessly unconstitutional and indefensible under binding precedent. *See, generally*, Lady J. Lingerie v. City of Jacksonville, 176 F.3d 1358 (11th Cir. 1999).

16. Plaintiffs rely on their arguments set forth in their Motion for Summary Judgment and accompanying Memorandum of Law with respect to the denial of procedural due process by the Code Enforcement Board. (Doc. 18 at 4; 19 at 7-13).

Wherefore Plaintiffs, move this Court to deny the Defendants' Motion in its entirety.

*Respectfully submitted,*

_____  _____
DANIEL R. AARONSON, Esquire   JAMES S. BENJAMIN, Esquire
Florida Bar No.: 314579       Florida Bar No.: 293245
One Financial Plaza #1615     One Financial Plaza #1615
Ft. Lauderdale, Florida 33394 Ft. Lauderdale, Florida 33394
(954) 779-1700 (Fax) (954) 779-1771   (954) 779-1700 (Fax) (954) 779-1771

*Attorneys for Plaintiffs / Petitioners*

I HEREBY CERTIFY that a true and correct copy of the foregoing Response has been furnished to WARREN BITTNER, Esquire, Office of the City Attorney, Miami Riverside Center, Suite 945, 444 S.W. 2nd Avenue, Miami, Florida 33130-1910, via the CM/ECF system this 23rd day of September, 2008.

_____
JAMES S. BENJAMIN, Esquire
Florida Bar No.: 293245