

**City of Miami**

**Certified Copy**

City Hall
3500 Pan American Drive
Miami, FL 33133
www.miamigov.com

File Number: 08-01317zt                                                                 Enactment Number: 13048

AN ORDINANCE OF THE MIAMI CITY COMMISSION RE-ENACTING AND AMENDING ZONING ORDINANCE 11000: (1) ARTICLE 4, ENTITLED "ZONING DISTRICTS", MORE SPECIFICALLY, SECTION 401, ENTITLED "SCHEDULE OF DISTRICT REGULATIONS", TO RECLASSIFY "ADULT ENTERTAINMENT" AS A "PERMITTED PRINCIPAL USE"; (2) ARTICLE 9, ENTITLED "GENERAL AND SUPPLEMENTARY REGULATIONS", MORE SPECIFICALLY, SECTION 937, ENTITLED "ADULT ENTERTAINMENT OR ADULT SERVICES", TO PROVIDE FOR ADDITIONAL LEGISLATIVE INTENT, AND TO SPECIFY THE PREENACTMENT EVIDENCE ON WHICH THE CITY COMMISSION RELIED TO CONCLUDE THAT THE RESTRICTIONS ON ADULT ENTERTAINMENT WITHIN THIS ORDINANCE FURTHER THE CITY'S INTEREST IN REDUCING THE SECONDARY EFFECTS; AND (3) ARTICLE 25, ENTITLED "DEFINITIONS", MORE SPECIFICALLY SECTION 2502, ENTITLED "SPECIFIC DEFINITIONS", IN ORDER TO AMEND THE DEFINITION OF "ADULT ENTERTAINMENT OR SERVICE ESTABLISHMENT"; CONTAINING A SEVERABILITY CLAUSE, AND PROVIDING FOR AN EFFECTIVE DATE.

WHEREAS, the Miami Planning Advisory Board, at its meeting of September 17, 2008, Item No. P.4, following an advertised hearing, adopted Resolution No. PAB-08-036 by a vote of eight to zero, recommending APPROVAL of reenacting and amending Zoning Ordinance No. 11000, as hereinafter set forth; and

WHEREAS, the Miami Planning Advisory Board, at its meeting of September 17, 2008, Item No. P.4, following an advertised hearing, adopted Resolution No. PAB-08-036a by a vote of eight to zero, recommending Department of Zoning, with advice from the Office of the City Attorney, to explore avenues in other parts of the country that may not allow the granting of certificates of use to existing legal non-conforming adult entertainment establishments in the City when these non-conforming uses change hands in areas not zoned industrial; and

WHEREAS, based on evidence and testimony presented at the public hearing before the City Commission, there are adverse secondary effects associated with the establishment and operation of adult entertainment or adult service establishments within our community and other communities; and

WHEREAS, among these adverse secondary effects are a deterioration in the local quality of life; adverse negative effect upon local property values; a harmful effect upon local economic viability; an imposition, whether intentional or unintentional, of exposure to adult-oriented expression undesirable to neighbors, children and pedestrians; an increase in traffic, noise, litter and nuisance; criminal and illicit sexual behavior; a threat to the health and safety of children and young adults; and an undermining of the established sense of community; and

WHEREAS, these adverse secondary effects of adult entertainment and adult service establishments are a threat to the general health, safety and welfare of the community; and

WHEREAS, the unregulated establishment and operation of adult-oriented businesses would lead to the widespread imposition of adverse secondary effects upon the residents, businesses,

DEFENDANT'S EXHIBIT 1

economic viability, property values, and quality of life of the City, and would, therefore, be detrimental to the general health, safety and economic viability of the community; and

WHEREAS, it is the express intent of this City Commission to ameliorate, mitigate, reduce and prevent the widespread and unregulated imposition of the adverse secondary effects of adult entertainment and adult service establishments upon the residents, businesses, properties, quality of life and general health, safety and welfare of the community; and

WHEREAS, it is the intention of the City Commission to provide a definitive statement regarding the regulation of adult entertainment in the City of Miami, based on the City's own evidence, including incident reports of criminal activity, and arrests at several local adult entertainment establishments within the City; and

WHEREAS, the restrictions on adult entertainment are not intended as a *de facto* prohibition of legally protected speech or forms of expression, but represent a balancing of competing interests: reducing criminal activity and protection of neighborhoods and development, by the regulation of adult entertainment and adult service establishments, while recognizing the rights of adult entertainment establishments and patrons. This ordinance is not intended to allow any business establishment or business activity that would otherwise be unlawful.

WHEREAS, the City Commission reasonably believes that the City's very own preenactment evidence and statistical data, attached and incorporated, as COMPOSITE EXHIBIT A, and made a part of this record, and relied upon by this Commission, supports the conclusion that the zoning restrictions in this ordinance further the City's interest in reducing secondary effects; and

WHEREAS, the City Commission reasonably believes that the preenactment evidence in the form of statistical data and studies of Hillsborough County, Florida; Oklahoma City, Oklahoma; City of Amarillo, Texas; City of Daytona Beach, Florida; City of North Miami Beach, Florida; and City of Newport News, Virginia; along with the American Planning Association Impact Study; National Law Center for Children and Families Study and the Attorney General's Commission on Pornography, attached and incorporated, as COMPOSITE EXHIBIT B, and made a part of this record, and relied upon by this Commission, supports the conclusion that the zoning restrictions in this ordinance further the City's interest in reducing secondary effects; and

WHEREAS, the City Commission reasonably believes that the preenactment evidence in judicial opinions, including but not limited to the following examples, i.e., *City of Renton v. Playtime Theatres, Inc.*, 475 U.S. 41 (1986); *Bas Enterprize, Inc. v. The City of Maumee*, 282 F.Supp.2d 673 (N.D. Ohio 2003); *Function Junction, Inc. v. City of Daytona Beach*, 705 F.Supp. 544 (M.D. Fla. 1987); *Little Mack Entertainment II, Inc. v. Township of Marengo*, 2008 WL 2783252 (W.D. Mich. 2008); *Illinois One News, Inc. v. City of Marshall, Illinois*, 2006 WL 449018 (S.D. Ill. 2006); *D.G. Restaurant Corporation v. City of Myrtle Beach*, 953 F.2d 140 (4th Cir. 1991); *Bronco's Entertainment, Ltd. v. Charter Township of Van Buren*, 421 F.3d 440 (6th Cir. 2005); *Tollis Inc. v. County of San Diego*, 505 F.3d 935 (9th Cir. 2007); *Lakeland Lounge of Jackson, Inc. v. City of Jackson, Mississippi*, 973 F.2d 1255 (5th Cir. 1992); *Z. J. Gifts D-2, L.L.C. v. City of Aurora*, 136 F.3d 683 (10th Cir. 1998); *Erie Boulevard Triangle Corp. v. City of Schenectady*, 250 F. Supp. 2d 22 (N.D. N.Y. 2003); *5634 East Hillsborough Ave, Inc. v. Hillsborough County*, Fla., 2007 WL 2936211 (M.D.Fla. 2007); and *Daytona Grand, Inc. v. City of Daytona Beach, Fla.*, 490 F.3d 860 (11th Cir. 2007); attached and incorporated, as COMPOSITE EXHIBIT C, and made a part of this record and relied upon by this Commission, supports the conclusion that the restrictions in this ordinance further the City's interest in reducing secondary effects; and

WHEREAS, it is the finding of this Commission that under certain circumstances, offering nude

entertainment, adult entertainment, or erotic entertainment, causes criminal behavior and tends to create undesirable community conditions; and

WHEREAS, some behaviors identified with adult entertainment and service establishments are criminal in nature and include disorderly conduct, prostitution, and drug trafficking and use; and

WHEREAS, among the undesirable community conditions identified with establishments promoting nudity, exploited sexual behavior, and alcohol or drug use are lowered property values in the surrounding neighborhoods, increased expenditure for, and allocation of, law enforcement personnel to preserve law and order, increased burden on the judicial system as a consequence of the criminal behavior, and acceleration of community blight by the concentration of such establishments in particular areas or their proximity to residential and commercial areas; and

WHEREAS, the limiting, by location and distance, of adult entertainment or service establishments is in the public welfare and is a matter of governmental interest and concern to prevent the occurrence of criminal behavior and undesirable community conditions normally associated with these establishments; and

NOW, THEREFORE, BE IT ORDAINED BY THE COMMISSION OF THE CITY OF MIAMI, FLORIDA:

Section 1.    The recitals and findings contained in the Preamble to this Ordinance are adopted and incorporated as if fully set forth in this Section.

Section 2.    Article 4, Section 401, Article 9, Section 937, and Article 25, Section 2502 of the Zoning Ordinance 11000 City of Miami, Florida, as amended, is reenacted and amended in the following particulars:{1}

"ARTICLE 4.  ZONING DISTRICTS

\*   \*   \*   \*

Sec. 401.  Schedule of district regulations.

\*   \*   \*   \*

I Industrial.

\*   \*   \*   \*

*Permitted Principal Uses:*
    As for C-2 and in addition:

\*   \*   \*   \*

28.  Manufacture of concrete and cement products, brick, tile or terra cotta.
29.  <u>Adult entertainment, subject to the limitations and requirements in Section 937.</u>

\*   \*   \*   \*

*Conditional Principal Uses:*
    Conditional principal uses shall be by Special Permit only and subject to the applicable criteria in Section 1305, and any other applicable criteria specified in this ordinance.

\*   \*   \*   \*

    As for C-2 excluding non-transient residential facilities and in addition:
1. Facilities for VTOL or STOL craft, hovercraft, or sea planes only by Class II Special Permit.
2. Recycling plants only by Class II Special Permit.
3. Container yards only by Special Exception and subject to the criteria, requirements and limitations set forth in Section 942 of this zoning ordinance.
4. ~~Adult entertainment, subject to the limitations and requirements in Section 937.~~

\* \* \* \*

## ARTICLE 9. GENERAL AND SUPPLEMENTARY REGULATIONS

\* \* \* \*

Sec. 937. Adult entertainment or adult services <u>establishments</u>.

*937.1. Legislative Intent.*

It is intended to regulate adult entertainment or adult service establishments, as herein defined, to minimize deleterious effects on the neighborhood. Such deleterious effects may include, but not be limited to, depreciation of values of nearby and adjacent properties, deterioration in appearance of the areas in which they are located, production of a skid row type of atmosphere, discouragement of residential uses in the area, and creation of an erotically suggestive atmosphere on public ways used by minors. <u>Moreover, in the development and enforcement of restrictions on adult entertainment or adult service establishments in this section, and in sections 401 and 2502, it is acknowledged that adult entertainment or adult service establishments have been found to have serious objectionable characteristics, and to have a deleterious effect on adjacent businesses and residential areas. In making this finding, the Commission has reasonably relied upon evidence of conditions within the City itself, evidence gathered by other localities and communities, and evidence described in judicial opinions. For the protection and welfare of the community, it is necessary, to locate adult entertainment or adult service establishments away from residential areas and commercial areas, and particularly away from public facilities that are used frequently by minors, such as schools, churches, parks, libraries, day care centers or nurseries, and to restrict adult entertainment or adult service establishments to industrial areas.</u>

*937.2. Limitations on adult entertainment or adult service establishments.*

No adult entertainment or adult service establishment shall be:

(a) Located within one thousand (1,000) feet of any residentially zoned property, school or public park. The distance shall be measured from the front door of the proposed adult establishment to the closest property line of the residentially zoned property, school or park. Where property in the City of Miami borders upon property of another city or <u>Miami-</u>Dade County, the term "residentially zoned property" shall be those zoning districts designated as residentially zoned by the terms of the zoning ordinance of the external jurisdiction.

\* \* \* \*

## ARTICLE 25. DEFINITIONS

\* \* \* \*

Sec. 2502. Specific definitions.

File Number: 08-01317zt                                                                            Enactment Number: 13048

*Adult entertainment or* adult *service establishment.* An adult entertainment or adult service establishment is one which sells, rents, leases, trades, barters, operates on commission or fee, purveys, displays, or offers only to or for adults products, goods of any nature, images, reproductions, activities, opportunities for experiences or encounters, moving or still pictures, entertainment, and/or amusement distinguished by purpose and emphasis on matters depicting, describing, or relating by any means of communication from one (1) person to another to "specified sexual activities" or "specified anatomical areas" as herein defined. An adult entertainment or adult service establishment ~~is~~ may or may not be open or available to the public generally ~~but only to one (1) or more classes of the public~~, but shall ~~excluding~~ exclude any person under eighteen (18) years of age. It is the intent of this definition that determination as to whether or not a specific establishment or activity falls within the context of regulation hereunder shall be based upon the activity therein conducted or proposed to be conducted as set out above and in these regulations and shall not depend upon the name or title of the establishment used or proposed. Thus, the terms "adult bookstore," "adult massage parlor," "adult motion picture theater," "adult private dancing," and "adult escort service" are encompassed within this definition of "adult entertainment or services," but the term "adult entertainment or adult services" is not to be deemed limited by the enunciation of specific activities listed before.

\*   \*   \*   \*"

Section 3.   If any section, part of a section, paragraph, clause, phrase or word of this Ordinance is declared invalid, the remaining provisions of this Ordinance shall not be affected.

Section 4.   This Ordinance shall become effective immediately upon its adoption and signature of the Mayor. {2}

| | |
|---|---|
| Date: | NOVEMBER 13, 2008 |
| Mover: | COMMISSIONER GONZÁLEZ |
| Seconder: | VICE CHAIR SPENCE-JONES |
| Vote: | AYES: 4 - COMMISSIONER GONZÁLEZ, SANCHEZ, REGALADO AND SPENCE-JONES |
| | ABSENT: 1 - COMMISSIONER SARNOFF |
| Action: | PASSED ON FIRST READING |
| | |
| Date: | DECEMBER 11, 2008 |
| Action: | SIGNED BY THE MAYOR |
| | |
| Date: | DECEMBER 11, 2008 |

File Number: 08-01317zt                                      Enactment Number: 13048

| | |
|---|---|
| Date: | DECEMBER 11, 2008 |
| Mover: | COMMISSIONER SARNOFF |
| Seconder: | COMMISSIONER GONZÁLEZ |
| Vote: | AYES: 3 - COMMISSIONER GONZÁLEZ, SARNOFF AND SPENCE-JONES |
| | ABSENT: 2 - COMMISSIONER SANCHEZ AND REGALADO |
| Action: | ADOPTED |

I, Priscilla A. Thompson, City Clerk of the City of Miami, Florida, and keeper of the records thereof, do hereby certify that this constitutes a true and correct copy of Ordinance No. 13048 passed by the City Commission on 12/11/2008.

*[signature: Pamela Burns]*                                         December 11, 2008

Deputy Clerk (for P. A. Thompson, City Clerk)                       **Date Certified**

{1} Words and or figures stricken through shall be deleted. Underscored words and/or figures shall be added. The remaining provisions are now in effect and remain unchanged. Asterisks indicate omitted and unchanged material.

{2} This Ordinance shall become effective as specified herein unless vetoed by the Mayor within ten days from the date it was passed and adopted. If the Mayor vetoes this Ordinance, it shall become effective immediately upon override of the veto by the City Commission or upon the effective date stated herein, whichever is later.