UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**FLAVA WORKS, INC.**,
a Florida corporation doing business as
COCODORM.COM, and
**ANGEL BARRIOS**,                                          CASE NO.: 07-22370-civ-MGC

      Plaintiffs / Petitioners,

vs.

**CITY OF MIAMI, FLORIDA**,
a Florida municipal corporation; and
**CITY OF MIAMI CODE ENFORCEMENT
BOARD**,

      Defendants / Respondents.
_____/

# PLAINTIFFS' RESPONSE
# TO DEFENDANTS' SUGGESTION OF MOOTNESS

COME NOW the Plaintiffs / Petitioners by and through their undersigned attorneys, and respond to the Defendants' Notice of Filing Miami Ordinance 13048; Suggestion of Mootness (Doc. 51) and say:

1.    Plaintiffs acknowledge that the City adopted Ordinance 13048 in accordance with the requirements for enactment of ordinances in Florida. Accordingly the enactment defects in the original version – Ordinance 13027 – have been cured.

2.    Plaintiffs further concede that Count I of their Complaint is moot. The City corrected the serious constitutional defects in its special exception process by

eliminating that zoning requirement altogether in the new adult zoning ordinance.[1]

    3.    However, Count II of Plaintiffs' Complaint is not moot for the following reasons:

    A.    Count II alleged that there were no secondary effects associated with cyber-businesses of the kind engaged in by Plaintiffs. The specific factual allegation is found at paragraph 100 of the Complaint:

> 100. There are no data, studies, nor any legitimate information which establishes any nexus between the occupation and use of Plaintiffs' property and any identifiable harm or threat to the public or the advancement of any legitimate governmental interests.

    B.    The City suggests that Count II is now moot because the new Ordinance refers to a series of studies and reports suggesting that some adult businesses cause adverse secondary effects in other communities.

    C.    However, none of the studies listed in Ordinance 13048 pertain to cyber-businesses like that of the Plaintiffs. Indeed, Plaintiffs can state categorically that there are no studies, reports or data in this country which tend to show that cyber-businesses like Coco Dorm generate adverse secondary effects in any community, anywhere, at any time.

---

[1] Plaintiffs do not concede that Ordinance 13048 is constitutional. There remain serious questions as to whether the new ordinance provides sufficient locations for adult businesses, whether it is consistent with the Miami-Dade Comprehensive Plan and whether it otherwise complies with constitutional and state law requirements. In addition, the Ordinance is still subject to attack because the City's legislative predicate of adverse secondary effects consists of shoddy data which is belied by actual conditions in the City. Plaintiffs' concession is therefore limited to the single, narrow issue presented in Count I of the Complaint: the constitutionality of the special exception process.

      D.      The factual allegations in Count II apply to Ordinance 13048 just as they did to the predecessor ordinance.

      E.      The constitutional defects alleged in Count II have not been remedied even slightly by the enactment of Ordinance 13048. Accordingly, no part of Count II is moot. *See*, *generally*, <u>Coalition for the Abolishment of Marijuana Prohibition v. City of Atlanta</u>, 219 F.3d 1301 (11th Cir. 2000).

      4.      Plaintiffs note that all of their other claims based on the United States Constitution remain viable and at issue even if Counts I and II are dismissed as moot. In particular, other Counts in the Complaint attack the City's ordinances, policies and proceedings on the grounds that they deny Equal Protection, are overbroad and are not narrowly tailored. None of those constitutional claims are affected by the enactment of Ordinance 13048. Accordingly, this Court will retain its Federal Question jurisdiction to consider the remaining Federal claims as well as the supplemental claims based on state statutory construction (*i.e.* the "Voyeur Dorm" argument) and those other matters addressed in the Petition for Writ of Certiorari.

## **MEMORANDUM OF LAW**

Enactment of a new ordinance which supersedes a previous, unconstitutional law, does not render a case moot unless the new ordinance cures the defects in the earlier ordinance:

> Nonetheless, when an ordinance is repealed by the enactment of a superseding statute, then the "superseding statute or regulation moots a case only to the extent that it removes challenged features of the prior law. To the extent that those features remain in place, and changes in the law have not so fundamentally altered the statutory framework as to render the original controversy a mere abstraction, the case is not moot."

Coalition for the Abolition of Marijuana Prohibition, v. City of Atlanta, 219 F.3d 1301, 1310 (11th Cir. 2000), *citing* Naturist Soc'y, Inc. v. Fillyaw, 958 F.2d 1515, 1520 (11th Cir. 1992).

Count II of Plaintiffs' Complaint alleges that the Miami zoning ordinance is an unconstitutional content-based restriction on speech because it is not directed toward ameliorating adverse secondary effects. There is no legitimate government purpose served by imposing physical zoning districts on incorporeal cyber-businesses such as Coco Dorm. Furthermore, there is no evidence in the legislative record – or anywhere else – which would support a conclusion that cyber-businesses generate adverse secondary effects of any kind in the "real world".

The City apparently maintains that Count II is moot simply because it adopted a new ordinance which includes a preamble listing secondary effects thought to be associated with adult businesses. This argument fails for two reasons. First, it ignores the controlling Supreme Court decision of Los Angeles v. Alameda Books, Inc., 535 U.S. 425, 122 S.Ct. 1728 (2002) as interpreted in this Circuit by Peek-A-Boo Lounge of Bradenton, Inc. v. Manatee County, Florida, 337 F.3d 1251 (11th Cir. 2003). Those cases stand for the proposition that an adult business regulation is not valid simply because the local government claims it has a reason for restricting such businesses. Rather, adult businesses are afforded an opportunity to challenge the ordinance by showing that the legislative predicate consists of shoddy data or is not relevant to actual local conditions. This is commonly accomplished by conducting a local study of adult businesses which contradicts the government's factual findings. If the adult business meets its burden of proof, the government must then come forward with additional evidence in support of its

law. Neither Alameda nor Peek-A-Boo Lounge allows a local government to short circuit this burden-shifting process simply by enacting a new ordinance and crying "moot".

The City cannot immunize its zoning ordinance from constitutional attack simply by including a legislative predicate alleging the existence of adverse secondary effects. Likewise, the Court does not discharge its responsibility to preserve First Amendment rights simply by reading the preamble to an ordinance. The new zoning ordinance is still subject to challenge under Alameda and Peek-A-Boo Lounge and no part of Count II has been mooted by the new enactment.

The second reason why Count II remains viable is that the legislative predicate of Ordinance 13048 is insufficient on its face. None of the studies or preenactment evidence relied on by the City have anything to do with cyber-businesses like Plaintiffs'. Instead, those materials have to do with "brick and mortar" businesses such as adult cabarets and bookstores where customers go to the physical location subject to the local zoning laws. In contrast, no customers come to Plaintiffs' residence as all of Plaintiffs' business is conducted in cyberspace. Blind reliance on foreign studies having nothing to do with a particular kind of adult business cannot justify a restriction on speech. *See, e.g.*, Abilene Retail # 30, Inc. v. Board of Commissioners of Dickinson County, Kansas, 492 F.3d 1164 (10th Cir. 2007) (Foreign studies in urban areas not germane to an adult business in a rural location); Encore Videos, Inc. v. City of San Antonio, 330 F.3d 288 (5th Cir. 2003) (Studies did not pertain to take-out only retail store); Doctor John's, Inc., v. City of Sioux City, Iowa, 305 F.Supp.2d 1022 (N.D. Iowa 2004) (Same); R.V.S., L.L.C. v. City of Rockford, 361 F.3d 402, 414 (7th Cir. 2004) (Secondary effects associated with adult businesses cannot be generalized to include "bikini bars").

Conventional zoning laws simply have no application to cyberspace because there is no physical location subject to regulation. When applied to these particular facts, the legislative predicate underlying Ordinance 13048 is as worthless as the nonexistent record associated with the original zoning ordinance. The new Ordinance has not redressed the constitutional defects identified in Count II of the Complaint.

## CONCLUSION

Plaintiffs concede that Count I is moot. However, Count II is a viable claim because the enactment of Ordinance 13048 does not cure the underlying constitutional defects asserted in Count II. Moreover, all of Plaintiffs' other state and federal claims remain at issue.

WHEREFORE, Plaintiffs ask this Court to deny the Suggestion of Mootness with respect to Count II and to proceed with an expeditious determination on that Count, as well as the remaining claims of the Complaint and the Petition for Writ of Certiorari.

Respectfully submitted,

    /s/  James S. Benjamin

| | |
|---|---|
| DANIEL R. AARONSON, Esquire | JAMES S. BENJAMIN, Esquire |
| Florida Bar No.: 314579 | Florida Bar No.: 293245 |
| One Financial Plaza #1615 | One Financial Plaza #1615 |
| Ft. Lauderdale, Florida 33394 | Ft. Lauderdale, Florida 33394 |
| (954) 779-1700 (Fax) (954) 779-1771 | (954) 779-1700 (Fax) (954) 779-1771 |

*Attorneys for Plaintiffs / Petitioners*

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion has been furnished to WARREN BITTNER, Esquire, Office of the City Attorney, Miami Riverside Center, Suite 945, 444 S.W. 2nd Avenue, Miami, Florida 33130-1910, via the CM/ECF system this 9th day of January, 2009.

    /s/   James S. Benjamin
JAMES S. BENJAMIN, Esquire
Florida Bar No.: 293245