UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-22370-CIV-COOKE

FLAVA WORKS, INC., etc., et al.,

                Plaintiffs/Petitioners,

    vs.

CITY OF MIAMI, etc., et al.,

                Defendants/Respondents.

_____/

**DEFENDANTS' REPLY TO PLAINTIFFS'**
**RESPONSE TO DEFENDANTS' SUGGESTION OF MOOTNESS**

    The Defendants, the CITY OF MIAMI (hereinafter the "CITY"), and the CITY OF MIAMI CODE ENFORCEMENT BOARD (hereinafter "CEB"), submit the following REPLY TO PLAINTIFFS' RESPONSE to the DEFENDANTS' SUGGESTION OF MOOTNESS [D.E. 55], and state:

**REPLY MEMORANDUM**

**I.**
**The City's Reliance On The Pre-Enactment Evidence Cited In**
**Ordinance 13048 Was Reasonable**

    The Plaintiffs first argue that Count II was not rendered moot by Ordinance 13048 because "cyber-businesses" like Coco Dorm do not "generate adverse secondary effects of any kind the 'real world'", and there was no evidence in the legislative record which indicated there were. [RESPONSE, p. 4].

    This focuses on the crux of our disagreement with the Plaintiffs over what the CITY is attempting to regulate.  We contend that the CITY is regulating the use of a particular property, located in a residential zoning district, being used a production studio

to produce adult entertainment.  It makes no difference to the CITY that the Plaintiffs are distributing the adult entertainment product over the internet (in what they call "cyberspace").  What is important is that this property is being used in the "real world" as a production studio.  That use is disallowed in a residential district, irrespective of whether the product ultimately produced is classified as "adult entertainment" or "non-adult entertainment."[1]  Because it happens to be producing "adult entertainment", Ordinance 13048 restricts this use to Industrial Districts.

The latest pronouncement from the 11th Circuit as to the sufficiency of pre-enactment evidence is found in the recent opinion in *Daytona Grand, Inc. v. City of Daytona Beach, Florida*, 490 F.3d 860 (11th Cir. 2007).  In that case, an adult entertainment establishment challenged the City's zoning ordinance limiting the locations where adult entertainment businesses could be located.  The 11th Circuit rejected a challenge by the businesses' expert witnesses that the City's pre-enactment evidence consisted of "shoddy," "meaningless," and "unreliable" data and that its reasoning was equally "shoddy."  The Court distilled the test to one of "reasonableness," by stating:

> To be sure, as the *Alameda Books* plurality admonished, the City cannot "get away with shoddy data or reasoning," and its evidence must "fairly support" its rationale.  *See* 535 U.S. at 438, 122 S.Ct. 1728 (plurality opinion).  But this is simply another way of saying that the City's reliance on evidence supporting its rationale must be *reasonable*.

\*       \*       \*

---

[1] An analogous example is an internet based bank, with no branches.  Customers would never have the occasion to visit the business premises to transact banking business.  Nevertheless, to conduct this business, a "real world" facility with employees would have to physically exist somewhere.  In that case, the facility would need to be located in the appropriate commercially zoned district – it could not be located in a residential district.

> Our review is designed to determine whether *the City's* rationale was a reasonable one, and even if Lollipop's demonstrates that another conclusion was also reasonable, we cannot simply substitute our own judgment for the City's. *See Peek-A-Boo Lounge*, 337 F.3d at 1273. [italics in original].

Under this test, the CITY's reliance on the pre-enactment evidence supporting its rationale was reasonable, and the Plaintiffs have presented no evidence to the contrary.

The sole argument advanced by the Plaintiffs is that, "[n]one of the studies or preenactment evidence relied on by the City have anything to do with cyber-businesses like Plaintiffs'." Of course, this misses the point simply because, as indicated above, the CITY is not attempting to regulate a cyber-business – the CITY is regulating the business operation of Coco Dorm in a residential district, which consists of hiring 8 independent contractor actors, and a manager, all to work on the production studio premises, for the sole purpose of producing adult entertainment.

For purposes of establishing the negative secondary-effects of adult entertainment caused by this particular business, there is no distinction between whether customers visit the premises or not. Indeed, it is undisputed that the activity occurring at the premises has generated complaints by the neighbors. See DeMola Affidavit and Composite Exhibit D – NBC TV 6 video tape of news report. This corroborates both the adverse negative secondary effects emanating from the premises, and the sufficiency of the pre-enactment evidence.

## CONCLUSION

Plaintiffs have conceded that Count I is moot.  In addition, as to Count II, Plaintiffs have failed to demonstrate that the City's pre-enactment evidence of adverse secondary effects was not reasonable.  Therefore, Count II is also moot.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the __12th__ day of January, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

JULIE O. BRU, City Attorney
WARREN BITTNER, Deputy City Atty.
VICTORIA MENDEZ, Asst. City Attorney
JOHN A. GRECO, Asst. City Attorney
Attorney for the **Defendants**
444 S. W. 2nd Avenue, Suite 945
Miami, FL  33130-1910
Tel.: (305) 416-1800
Fax.: (305) 416-1801

By:      __s/Warren Bittner_____
WARREN BITTNER
Deputy City Attorney
Fla. Bar #370959

**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE
TO DEFENDANTS' SUGGESTION OF MOOTNESS
CASE NO.: 07-22370-CIV-COOKE**

## SERVICE LIST

James S. Benjamin, Esq.
Daniel A. Aaronson, Esq.
Benjamin & Aaronson PA
1 Financial Plaza, Suite 1615
Fort Lauderdale, Florida 33394-0005
Tel: (954) 779-1700