UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 07-22370-CIV-COOKE/TURNOFF

FLAVA WORKS, INC.,
a Florida Corporation doing business as
COCODORM.COM; and ANGEL BARRIOS

    Plaintiffs/ Petitioners,

v.

CITY OF MIAMI, FLORIDA,
a Florida municipal corporation; and
CITY OF MIAMI CODE ENFORCEMENT
BOARD,

    Defendants/ Respondents.
_____/

## PLAINTIFFS' RESPONSE TO DEFENDANTS' RENEWED MOTION FOR SUMMARY JUDGMENT

COME NOW the Plaintiffs, by and through their undersigned attorneys, and respond as follows to the Defendants' Motion for Summary Judgment and say:

1. Plaintiffs acknowledge that because the City adopted Ordinance 13048 in accordance with the requirements for enactment of ordinances in Florida that Count I of their Complaint is moot.

2. Also, Plaintiffs have consented to dismissal of their Equal Protection (selective enforcement) claim, Count IV. (D.E. 30).

### SUMMARY JUDGMENT STANDARD; CONTESTED FACTS

3. Summary judgment is inappropriate where the parties agree on the basic facts if they disagree about the inferences that should be drawn from these facts. As the Eleventh Circuit previously stated:

> In assessing whether the movant has met this burden, the courts should view tile evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion. All reasonable doubts about the facts should be resolved in favor of the non-movant. If the record presents factual issues, the court must not decide them; it must deny the motion and proceed to trial. Summary judgment may be inappropriate even where the parties agree on the basic facts, but disagree about the inferences that should be drawn from these facts. If reasonable minds might differ on the inferences arising from undisputed facts, then the court should deny summary judgment. (citations omitted)

*Patterson & Wilder Const. Co., Inc. v. U.S.*, 226 F.3d 1269, 1273 (11 th Cir. 2000).

4. Defendants' case turns on the idea that a conventional adult business or simply a conventional business is done at Plaintiffs' residence. Plaintiffs maintain that the record of this case does not support such a finding and that the Court should deny Summary Judgment in favor of Defendants based on the argument below.

5. First, Count II, as previously pointed out in Plaintiff's Response as to Defendant's Suggestion of Mootness (D.E. 55) of Plaintiffs' Complaint, is not moot for the following reasons:

    a. Count II alleged that there were no secondary effects associated with cyber-businesses of the kind engaged in by Plaintiffs. The specific factual allegation is found at paragraph 100 of the Complaint:

        > 100. There are no data, studies, nor any legitimate information which establishes any nexus between the occupation and use of Plaintiffs' property and any identifiable harm or threat to the public or the advancement of any legitimate governmental interests.

    b. The factual allegations in Count II apply to Ordinance 13048 just as they did to the predecessor ordinance. Ordinance 13048 is not reasonable as it relates to Coco Dorm because it is a cyber-business and not a "brick and mortar" business, the type of business that falls into the conventional zoning laws, and rather

      involves cyberspace, the kind of business which conventional zoning laws do not apply to and as a result does not cure the constitutional defects.

    c. Thus, the constitutional defects alleged in Count II have not been remedied by the enactment of Ordinance 13048. Accordingly, no part of Count II is moot. *See, generally*, Coalition for the Abolishment of Marijuana Prohibition v. City of Atlanta, 219 F.3d 1301 (11th Cir. 2000).

6. Contested facts also remain with respect to the Plaintiffs' claims under the Dormant Commerce Clause. (U.S. CONST. Art. I, §8, cl. 3). The Defendants argue that they are not discriminating against interstate commerce. However, they do not address the second prong of Commerce Clause analysis: that even an incidental burden on interstate commerce must be supported by some benefit to the local government. *See, e.g.*, Yamaha Motor Com., U.S.A. v. Jim's Motorcycle, Inc., 401 F.3d 560, 567 (4th Cir. 2005) (Discussing the "Pike" balancing test which requires an examination of the relative burdens imposed on commerce in comparison to the putative local benefits).

7. Here, Plaintiffs assert that the City has no interest in regulating the effects of a cyber business operating through the Internet. Even a slight impact on interstate commerce is impermissible if there is no corresponding local benefit gained by the regulation. Defendant fails to bring forth reasonable evidence that would allow this Court to conclude that Defendants have proven or can prove the existence of a local benefit that justifies the burden on commerce, especially when considered within the context of the purpose of the zoning law. Absent that evidence, summary judgment is not appropriate.

## SUBSTANTIVE ARGUMENTS

8. The type of business (regardless of whether Coco Dorm is classified as a business or an "adult" business) that the zoning ordinance seeks to regulate is not the kind of business that Coco Dorm operates, the CITY has no ability to burden cyber-businesses through its

zoning code because no local benefit is derived from the regulation. *See, Young v. American Mini Theatres, Inc.*, 427 U.S. 50, 96 S. Ct. 2440, 49 L. Ed. 2d 310 (1976); *Schad v. Borough of Mount Ephraim*, 452 U.S. 61, 101 S. Ct. 2176, 68 L. Ed. 2d 671 (1981); and *International Food & Beverage Sys. v. Ft. Lauderdale*, 614 F. Supp. 1517 (S.D. Fla. 1985) (" Local governments may attempt to control the location of "adult" entertainment establishments . . . but the regulation must be drafted and enforceable within constitutional limits.")

9. Ultimately, as stated in prior pleadings, the thrust of Plaintiffs' case is that the City's zoning ordinances do not reach and cannot reach conduct that occurs only in cyberspace, Defendant's Renewed Motion for Summary Judgment fails to address this with any reasonable evidence. The undisputed facts show that the type of business that is conducted at the subject premises is a cyber-business; thus, no customers come to call; nothing is sold at the residence, and no products are shipped from that location. (D.E. 20 at ¶¶, 10-14; D.E. 22 ¶¶, j8-12). Voyeur Dorm still controls the outcome of this case. *Voyeur Dorm, L.C. v. City of Tampa*, 265 F.3d 1232 (11th Cir. 2001). As *Voyeur Dorm* eloquently stated in regards to a cyber-business:

> The City Code cannot be applied to a location that does not, itself, offer adult entertainment to the public. As a practical matter, *zoning restrictions are indelibly anchored in particular geographic locations*. Residential areas are often cordoned off from business districts in order to promote a State's interest. It does not follow, then, that *a zoning ordinance designed to restrict facilities that offer adult entertainment can be applied to a particular location that does not, at that location, offer adult entertainment*.

*Id.* at 1236 (italics added).

10. As to Count V, courts and administrative agencies are required to construe and interpret laws in a manner that would avoid unconstitutional applications or results. *See, Waste Management, Inc. v. Mora*, 940 So.2d 1105, 1108 (Fla. 2006). "When two constructions

of a statute are possible, one of which is of questionable constitutionality, the statute must be construed so as to avoid any violation of the constitution." *State v. Presidential Women's Center*, 937 So.2d 114, 116 (Fla. 2006). The Miami Code Enforcement Board interpreted the Miami Zoning Ordinances in a manner guaranteed to render the ordinances unconstitutionally overbroad. The relevant portions of the Miami Code involve zoning; that is, restrictions on the *physical location* of various land uses. The ruling of the Eleventh Circuit in this case does not change the fact that the application of the Miami Zoning Ordinance is facially unconstitutional and substantially overbroad because it reaches into both speech and private homes and does not in any manner limit itself to a physical location alone but is applied to cyberspace as well.

      The ordinance must be construed in such a manner that it does not reach private activity behind closed doors in a home and does not invade the ethereal domain of the Internet. To limit the zoning ordinance to physical locations, the relevant interpretation of the code is that it reaches only physical activities in a defined physical location. In regards to an adult business, that would presumably encompass such uses as adult bookstores, dancer clubs, massage parlors and other such businesses where the public actually goes to receive goods, services or entertainment. The CITY and BOARD in its interpretation and application go well beyond what is permitted and blatantly violates speech and privacy rights.

11. "[T]he government may impose reasonable restrictions on the time, place, or manner of protected speech, provided the restrictions 'are justified without reference to the content of the regulated speech, that they are *narrowly tailored* to serve a significant governmental interest, and that they leave open ample alternative channels for communication of the information.'" *Ward v. Rock Against Racism*, 491 U.S. 781, 791 (1989) (italics added).  As stated previously, the Defendants construe the Miami Zoning Code in a manner that its drafters could not have contemplated. Instead of focusing on the

Euclidian purpose of the Zoning Ordinance, the CITY and the BOARD reached well-pass "sensible urban planning" into the privacy of the home and ignores the secondary-effects that the courts would consider in zoning ordinances of this type (i.e., increased crime or decreased property values) in order to regulate consensual sexual activities occurring in a private home behind closed doors.

12. Based on the undisputed facts of the Complaint the Miami Zoning Code violates Article I, §8, cl. 3. of the United States Constitution (the "Dormant Commerce Clause") because it significantly burdens interstate commerce without a countervailing benefit for the CITY. " . . . If a legitimate local purpose is found, then the question becomes one of degree. And the extent of the burden that will be tolerated will, of course, depend on the nature of the local interest involved, and on whether it could be promoted as well with a lesser impact on interstate activities." *Pike v. Bruce Church, Inc.,* 397 U.S. 137, 142 (1970). The Defendants have failed to demonstrate on the record how regulating Plaintiffs business regulates "a legitimate local purpose."

13. Defendants rush through the analysis in *Pike* in its Motion for Renewed Summary Judgment and fails to meet an essential element of the *Pike* requirement for the Dormant Clause to not apply in this case: How does the Miami Zoning Code, which is intended to regulate zoning districts comprised of physical uses of property lying within the municipality, further a legitimate local purpose when the Ordinance is applied to "cyberspace," which essentially lacks a physical dimension and is accessible throughout the United States and in other countries? The answer, which the CITY and the BOARD cannot honestly deny, is that within the context of a cyber-business they cannot do so.

WHEREFORE, based on the foregoing, as well as the arguments and undisputed facts

asserted by Plaintiffs/ Petitioners in Plaintiffs Response to Defendants Motion for Summary Judgment [D.E. 30], FLAVA WORKS and BARRIOS move this Court to deny the Defendants' Motion Renewed Motion for Summary Judgment in its entirety.

/s/ Mirta Desir_____

Mirta Desir, Esq.
2610 North Miami Avenue
Miami, Florida 33127
Attorney for Plaintiffs

Jonathan Warrick, Esq.
Law Office of Jonathan J. Warrick, P.A.
1045 N.E. 82nd Terrace
Miami, Florida 33138-4135
Attorney for Plaintiffs

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on the 31st day of May 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ Mirta Desir_____

**SERVICE LIST**

JULIE O. BRU, City Attorney
Attorney for the **Defendants**
444 S. W. 2nd Avenue, Suite 945
Miami, FL 33130-1910
Via CM/ECF


WARREN BITTNER, Deputy City Atty.
Attorney for the **Defendants**
444 S. W. 2nd Avenue, Suite 945
Miami, FL 33130-1910
Via CM/ECF


VICTORIA MENDEZ, Asst. City Attorney
Attorney for the **Defendants**
444 S. W. 2nd Avenue, Suite 945
Miami, FL 33130-1910
Via CM/ECF


JOHN A. GRECO, Asst. City Attorney
Attorney for the **Defendants**
444 S. W. 2nd Avenue, Suite 945
Miami, FL 33130-1910
Via CM/ECF