UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-22370-CIV-COOKE

FLAVA WORKS, INC.,
a Florida Corporation doing business as
COCODORM.COM, and ANGEL BARRIOS,

    Plaintiffs/Petitioners,

vs.

CITY OF MIAMI, FLORIDA,
a Florida municipal corporation; and
CITY OF MIAMI CODE ENFORCEMENT
BOARD,

    Defendants/Respondents.
_____/

## REPLY RE CITY OF MIAMI's AND CITY OF MIAMI CODE ENFORCMENT BOARD's RENEWED MOTION FOR SUMMARY JUDGMENT

The Defendants, the CITY OF MIAMI (hereinafter the "CITY"), and the CITY OF MIAMI CODE ENFORCEMENT BOARD (hereinafter the "BOARD"), submit the following Reply to Plaintiffs' RESPONSE [D.E. 106] to the CITY's RENEWED MOTION FOR SUMMARY JUDGMENT [D.E. 95], and state:

### COUNT I

Plaintiffs acknowledge that Count I is moot. [RESPONSE, para. 1].

### COUNT II

Strangely, Plaintiffs are still pursuing Count II. [RESPONSE, para. 5]. Count II challenges the CITY's adult use legislation. However, at the Plaintiffs' urging earlier in this case, this Court previously ruled in the Plaintiffs' favor that the CITY's adult use legislation does not apply to Plaintiffs at their business location in question, i.e., the residence at 503 N.E. 27th Street. *Flava Works, Inc. v. City of Miami*, 595 F.Supp.2d

1341 (S.D. Fla. 2009). The City did not challenge this determination, and it is now either the law of the case, or foreclosed from further review on remand by the mandate rule. ***Tronzo v. Biomet, Inc.***, 236 F.3d 1342, 1348 (Fed. Cir. 2001). As such, this Court has already ruled, following the controlling authority of ***Voyeur Dorm, L.C v. City of Tampa***, 265 F.3d 1232 (11th Cir. 2001), that there is no need to reach constitutional or other statutory issues raised in this case stemming from the CITY's adult regulations - they simply do not apply.

Consequently, there is nothing more to be done with Count II, which should be dismissed (or summary judgment granted to the CITY).

## COUNT III

Plaintiffs' RESPONSE does not address Count III, entitled, "The City of Miami's Adult Use Legislation Constitutes a Regulatory Taking because it is not based on any Public Necessity and Cannot be Show to Advance any Legitimate Governmental Interest." However, as the CITY noted in its RENEWED MOTION, this Court dismissed Count III without prejudice pursuant to the Plaintiffs' acknowledgement that said claim was defective. [D.E. 15, p. 6]. The Plaintiffs never amended Count III of the COMPLAINT. Therefore, Count III of the COMPLAINT is not before the Court.

## COUNT IV

Plaintiffs concede that they have consented to the dismissal of Count IV. RESPONSE, para. 2.

## COUNT V

The Plaintiffs are apparently pursuing Count V. [RESPONSE, para. 10.] They argue that the restriction on businesses in a residential zone is unconstitutionally

overbroad "because it reaches into both speech and private homes and does not in any manner limit itself to a physical location alone but is applied to cyberspace as well." [RESPONSE, para. 10].

No court since *Village of Euclid v. Ambler Realty Co.*, 272 U.S. 365 (1926), could, or would, rule that a restriction against the operation of a business in a residential zone is unconstitutionally overbroad. Plaintiffs have failed to show that there is "a realistic danger that the statute itself will ***significantly*** compromise recognized First Amendment protections of parties not before the court for it to be facially challenged on overbreadth grounds." *Members of the City Council of Los Angeles v. Taxpayers for Vincent,* 466 U.S. 789, 801 (1984), or that the challenged zoning regulation "be *substantial*, not only in an absolute sense, but also relative to the statute's plainly legitimate sweep." *United States v. Williams*, 553 U.S. 285, 128 S.Ct. 1830, 1838 (2008).

Again, the "everyday activities" asserted as examples by the Plaintiffs are not in any way proscribed or prohibited by the remaining part of the Zoning Ordinance being challenged, i.e., the exclusion of "businesses" in a residential district.

Nor does the business restriction, by its very existence "inhibit free expression". *DA Mortgage, Inc. v. City of Miami Beach,* 486 F.3d 1254, 1269-1270 (11th Cir. 2007) (there is no realistic threat of substantial overbreadth where a Miami-Dade County ordinance did not impose a prior restraint, did not establish a permitting or licensing scheme, and there was little risk that the ordinance, by its very existence, would lead parties to censor their own speech).

Therefore, the CITY and the BOARD are entitled to judgment as a matter of law on Count V of the COMPLAINT.

## COUNT VI

The Plaintiffs have not address Count VI in their RESPONSE, and therefore it should be deemed abandoned. However, to the extent this Court deems it not abandoned, Count VI is merely a rehash of Count V, and the same analysis would apply as stated above. See also analysis in CITY's RENEWED MOTION.

## COUNT VII

Plaintiff devote the majority of their RESPONSE to their "Dormant Commerce Clause" challenge in COUNT VII [RESPONSE, paras. 6, 7, 8, 12, & 13]. Plaintiff's sole argument is that "The Defendants have failed to demonstrate on the record how regulating Plaintiffs business regulates 'a legitimate local purpose'". [RESPONSE, para. 12].

As explained in the CITY's RENEWED MOTION, and as the Plaintiffs apparently concede by arguing the applicability of the *Pike* balancing test, the City's restriction on businesses in a residential zone does not discriminate either on its face or in practical effect against interstate commerce; at best - and it is a stretch to so argue - it may merely affect interstate commerce incidentally. In that case, courts use the *Pike* balancing test, ie., the courts "examine whether the State's interest is legitimate and whether the burden on interstate commence clearly exceeds the local benefits.". *Island Silver & Spice, Inc. v. Islamorada*, 542 F.3d 844, 846 (11th Cir. 2008).

There is no better source for restating the State's interest than a quotation from the the U.S. Supreme court's opinion in  in *Village of Euclid*:

> "'Aside from considerations of economic administration, in the matter of police and fire protection, street paving, etc., any business establishment is likely to be a genuine nuisance in a neighborhood of residences. Places of business are noisy; they are apt to be disturbing at night; some of them are malodorous; some are unsightly; some are apt to breed rats, mice, roaches, flies, ants, etc. …[T]he segregation of residential, business and industrial buildings will …. increase the safety and security of home life, greatly tend to prevent street accidents, especially to children, by reducing the traffic and resulting confusion in residential sections, decrease noise and other conditions which produce or intensify nervous disorders, [and] preserve a more favorable environment in which to rear children, etc." [272 U.S. at 393-4].

On the other hand, there is no record evidence in this case that the business restrictions in residential districts have any impact whatsoever on interstate commerce. Indeed, the restrictions in the Ordinance only require a business, such as the Plaintiffs', to locate in a non-residential district. The restriction does not prevent, impede or hinder the production, quality, or quantity, of the images Plaintiffs produce and distribute from their studios or production facilities. Thus, whatever burden there might be on interstate commence clearly does not exceed the CITY's legitimate interest and the local benefits secured by the restriction. Consequently, the CITY is entitled to judgment as a matter of law on Count VII of the COMPLAINT.

WHEREFORE, based on the foregoing, as well as the arguments and undisputed material facts asserted by Defendants in support of their original Motion for Summary Judgment [D.E. 21, 22, and 34], the CITY OF MIAMI and CITY OF MIAMI CODE ENFORCEMENT BOARD, respectfully request that this Court grant their RENEWED MOTION FOR SUMMARY JUDGMENT.

///

///

REPLY RE CITY's & BOARD's RENEWED
MOTION FOR SUMMARY JUDGMENT
CASE NO.: 07-22370-CIV-COOKE

Respectfully submitted,

JULIE O. BRU, City Attorney
WARREN BITTNER, Deputy City Atty.
VICTORIA MENDEZ, Asst. City Attorney
JOHN A. GRECO, Asst. City Attorney
Attorney for the **Defendants**
444 S. W. 2nd Avenue, Suite 945
Miami, FL  33130-1910
Tel.: (305) 416-1800
Fax.: (305) 416-1801

By:     __s/Warren Bittner_____
          WARREN BITTNER
          Deputy City Attorney
          Fla. Bar No. 370959


## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the __4th__ day of May 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:     __s/Warren Bittner_____
          WARREN BITTNER
          Deputy City Attorney
          Fla. Bar No. 370959

REPLY RE CITY's & BOARD's RENEWED<br>
MOTION FOR SUMMARY JUDGMENT<br>
CASE NO.: 07-22370-CIV-COOKE

## SERVICE LIST

Jonathan J. Warrick, Esq.
Law Office of Jonathan J. Warrick, P.A.
1045 N.E. 82nd Terrace
Miami, Florida 33138-4135
Via CM/ECF

Mirta Desir, Esq.
2610 North Miami Avenue
Miami, Florida 33127
Via CM/ECF

275871