UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-22370-CIV-COOKE

FLAVA WORKS, INC.,
a Florida Corporation doing business as
COCODORM.COM, and ANGEL BARRIOS,

   Plaintiffs/Petitioners,

  vs.

CITY OF MIAMI, FLORIDA,
a Florida municipal corporation; and
CITY OF MIAMI CODE ENFORCEMENT
BOARD,

   Defendants/Respondents.
_____/

**CITY OF MIAMI's AND CITY OF MIAMI CODE ENFORCMENT BOARD's
RESPONSE TO PLAINTIFFS'
MOTION TO FILE FIRST SUPPLEMENTAL COMPLAINT**

  The Defendants, the CITY OF MIAMI (hereinafter the "CITY"), and the CITY

OF MIAMI CODE ENFORCEMENT BOARD (hereinafter the "BOARD"), submit the

following Response to Plaintiffs' MOTION TO FILE FIRST SUPPLEMENTAL

COMPLAINT [D.E. 111], and state:

**RESPONSIVE MEMORANDUM**

**I.
BACKGROUND**

  Calling it a Motion to Supplement, Plaintiffs are essentially seeking leave to

amend to their initial 2007 Complaint.  As their proposed Supplemental Complaint

reflects, they are abandoning their constitutional challenges to the City's Zoning

Ordinance restricting the doing of business in a residential zone.  Instead they are now re-

focusing their constitutional challenge against the City's revised Adult Entertainment

Ordinance 13048, which has never been applied against them, nor need it be.  Plaintiffs'

motion is both untimely and futile, and should be denied.

## II.
## PLAINTIFFS' MOTION IS UNTIMELY

Plaintiffs concede, as they must, that they were aware of the City's revised Adult

Entertainment Ordinance 13048 as early as December 12, 2008, when it was filed with

the Court, yet they provide no valid reason for not presenting this new challenge earlier.

Indeed, since December 12, 2008, cross summary judgment motions were ruled upon, an

appeal was taken to the 11th Circuit and disposed of, and the Defendants have filed a re-

new motion for summary judgment on the remaining constitutional claims, which is

currently pending, with Plaintiffs' Response thereto being well overdue.

It is within the court's discretion to grant or deny leave to file a supplemental

pleading, and the standard used by the court in deciding to grant or deny leave to

supplement is the same standard used in deciding whether to grant or deny leave to

amend.  *Chemetron Corp. v. Business Funds, Inc.*, 682 F.2d 1149, 1194 (5th Cir.

1982)(within court's discretion to deny leave to supplement if substantial reason to do

so); *Glatt v. Chicago Park Dist.*, 87 F.3d 190, 194 (7th Cir. 1996)(leave to supplement

and leave to amend governed by the same standard).

Leave to amend after a final summary judgment is allowed only in limited

circumstances.   Indeed, much of the value of a summary judgment motion is lost if

parties are allowed to test one theory at a time by obtaining consecutive leaves to amend.

*Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994)(court refused to

allow amendment after delay because plaintiff had fair opportunity to present claim and

should not be allowed to test one theory after another.).  Whether a court grants leave to amend after a defendant files a motion for summary judgment is often based on such factors as the timing of the amendment and the theories and legal issues presented. Factors a court may consider include the following:

1.      Untimely filing of the amendment after the defendant files a motion for summary judgment. *Overseas Inns S.A. P.A. v. United States*, 911 F.2d 1146, 1151 (5th Cir. 1990)(leave denied when defendant filed summary judgment motion after extensive pre-lawsuit and pre-trial proceedings had taken place and motion to amend complaint was filed two years after commencement of action).

2.      Futility of the proposed additional claims.  *Schlachter-Jones v. General Tel. of Cal.*, 936 F.2d 435, 443 (9th Cir. 1991)(leave to amend properly denied when there was undue delay in filing amendment, new claims were futile, and summary judgment was pending).

3.      Whether the interest in finality of litigation is outweighed by the policy of liberally allowing a party a fair opportunity to present a case.  *Lussier v. Dugger*, 904 F.2d 661, 667 (11th Circ. 1990)(interest in finality is compelling after court enters judgment and is especially sound when plaintiff failed to articulate why issue was not raised earlier.)

Plaintiffs have filed their motion to supplement almost four (4) years after the filing of their initial Complaint.  Since that time, much litigation has transpired, and Plaintiffs know for sure, because the 11th Circuit has said so, that they cannot conduct a business such as theirs in the residential property they are conducting it in, i.e., the 27th Street residence.

Facing a compelling renewed motion for summary judgment filed by the Defendants, Plaintiffs have abandoned any hope of challenging the Zoning Ordinance's restrictions on doing business in a residential zone. At the end of the race, Plaintiffs have decided instead to change horses. Plaintiffs' motion is untimely and Plaintiffs have provided no valid reason for not presenting this challenge earlier. For these reasons Plaintiffs' Motion to Supplement should be denied.

## III.
## PLAINTIFFS' MOTION IS FUTILE

Plaintiffs' proposed Supplemental Complaint challenges that City's revised Adult Entertainment Ordinance. Valid or not, Plaintiffs' challenge to the City's revised Adult Entertainment Ordinance will not get them any closer to being able to conduct business at the 27th Street residence than they were following the 11th Circuit's opinion. Plaintiffs are still an illegal "business" in a residential zone. Challenging the City's revised Adult Entertainment Ordinance will not change that fact. Thus, Plaintiffs' have no standing to challenge the City's revised Adult Entertainment Ordinance because their claim is not redressible.

In order to have Article III standing in federal court, a plaintiff must suffer an injury in fact that is both causally connected to the conduct complained of and redressible by a favorable decision of the court. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). These constitutional standing requirements are jurisdictional in that they "involve [] the court's competency to consider a given type of case," and, therefore, "cannot be waived or otherwise conferred upon the court by the parties." *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 975 (11th Cir. 2005).

The 11th Circuit decisions in ***KH Outdoor, LLC. v. Clay County***, 482 F.3d 1299, 1301 (11th Cir. 2007), and ***Maverick Media Group, Inc. v. Hillsborough County, Florida***, 528 F.3d 817 (11th Cir. 2008), are on point and dispositive.

In ***KH Outdoor***, a billboard company sought to erect offsite billboards, prohibited by a provision of the county's sign ordinance. The 11th Circuit held that KH Outdoor's injury was not redressible because, even if the court were to strike the challenged provision, there were other unchallenged regulations that would still have prohibited its signs. ***Id.*** at 1301. In the absence of a redressible injury, KH Outdoor did not have standing to contest the ordinance. ***Id.***

Likewise, in ***Maverick Media***, the 11th Circuit considered a variant of the circumstances presented in ***KH Outdoor***. In ***Maverick Media***, the county could have denied the billboard company's sign permit applications under an alternative provision of its ordinance that Maverick Media did not challenge. Specifically, Hillsborough County's ordinance contained height and size limitations for permitted signs. These limitations would have prohibited the erection of Maverick's billboards independently of the ordinance's categorical billboard prohibition. ***Id.*** at 821. Maverick did not specifically challenge the height and size restrictions in the County's ordinance because it did not apply for the type of sign permitted by the County's ordinance. ***Id.***

Applying these principles to the case at bar, Plaintiffs are challenging the City revised Adult Entertainment Ordinance. Whether or not the City's revised Adult Entertainment Ordinance is valid, Plaintiffs may still not conduct their "adult" business at the residentially zoned 27th Street residence because of the Zoning Ordinance's restriction on conducting business in a residential zone. This being the case, Plaintiffs have no

entitlement to conduct their adult business at the 27th Street residence, irrespective of the City's revised Adult Entertainment Ordinance, and their claim is not redressible.

The bottom line is that a favorable decision for Plaintiffs with respect to the City's revised Adult Entertainment Ordinance now proposed to be challenged would still not allow them to do business at the 27th Street residence.

Thus, under the controlling cases of *KH Outdoor*, and *Maverick Media*, SFEF, has no redressible injury, and no standing to challenge the City's revised Adult Entertainment Ordinance.   The failure to establish standing precludes not only any facial and as applied challenges [S*ee KH Outdoor, supra*. at 1305], but also precludes any claim for actual or nominal damages.  *Maverick Media Group, Inc., supra* at. 820, n.3.

Therefore, Plaintiffs' Motion to Supplement should be denied on the basis that its claims are not redressible, and are therefore futile.

///

///

///

///

///

///

///

////

WHEREFORE, based on the foregoing, the CITY OF MIAMI and CITY OF

MIAMI CODE ENFORCEMENT BOARD, respectfully request that this Court deny

Plaintiffs' MOTION TO FILE FIRST SUPPLEMENTAL COMPLAINT [D.E. 111].

Respectfully submitted,

JULIE O. BRU, City Attorney
WARREN BITTNER, Deputy City Atty.
VICTORIA MENDEZ, Asst. City Attorney
JOHN A. GRECO, Asst. City Attorney
Attorney for the **Defendants**
444 S. W. 2nd Avenue, Suite 945
Miami, FL  33130-1910
Tel.: (305) 416-1800
Fax.: (305) 416-1801

By:     __s/Warren Bittner_____
WARREN BITTNER
Deputy City Attorney
Fla. Bar No. 370959

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the __18th__ day of July, 2011, I electronically

filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify

that the foregoing document is being served this day on all counsel of record or pro se

parties identified on the attached Service List in the manner specified, either via

transmission of Notices of Electronic Filing generated by CM/ECF or in some other

authorized manner for those counsel or parties who are not authorized to receive

electronically Notices of Electronic Filing.

By:     __s/Warren Bittner_____
WARREN BITTNER
Deputy City Attorney
Fla. Bar No. 370959

**RESPONSE RE PLAINTIFFS' MOTION TO**
**FILE FIRST SUPPLEMENTAL COMPLAINT**
**CASE NO.: 07-22370-CIV-COOKE**

## <u>SERVICE LIST</u>

Jonathan J. Warrick, Esq.
Law Office of Jonathan J. Warrick, P.A.
1045 N.E. 82nd Terrace
Miami, Florida 33138-4135
Via CM/ECF

Mirta Desir, Esq.
2610 North Miami Avenue
Miami, Florida 33127
Via CM/ECF

280701